hPLOTKIN, Judge.
The primary issue in this appeal is whether the State presented sufficient evidence to sustain the armed robbery conviction. For the reasons that follow, we affirm.

CASE HISTORY:

On July 1, 1999 Defendant, Vernon Bou-dreaux was charged by bill of information with two counts of armed robbery, violations of La. R.S. 14:64, and one count of possession of a firearm, under La. R.S. 14:95.1. On July 7, 1999, defendant pleaded not guilty to the charges against him.
On August 19, 1999 the trial court denied defendant’s motion to suppress the identification. Subsequently, on October 21, 1999, defendant was tried by a twelve-person jury and found guilty as charged as to count two only.[1] On November 5, 1999 the trial court denied defendant’s motion for new trial. Defendant waived all legal delays and was sentenced to thirty years at hard labor, without benefit of parole, probation or suspension of sentence. Defendant now appeals the trial court’s ruling.

J¡STATEMENT OF THE FACTS:

New Orleans Police Officer Errol Washington testified that he investigated an armed robbery on May 3, 1999. The victim, Glenn Taylor, informed him that after he exited the Walgreen’s drugstore located at 3507 Gentilly Boulevard at 9:00 am that morning, a gunman approached him from behind, and ordered him to enter a nearby car. A second gunman was seated in the driver’s seat. The victim sat in the front passenger seat, while the first gunman sat directly behind him, keeping his gun pointed at the victim at all times. The gunmen drove down Gentilly Boulevard to Elysian Fields Ave., then to a dead-end street. The gunmen forced defendant to give them nine dollars from his right front pocket, and sixty dollars from his wallet. The victim was released at Humanity and Spain Streets. He left his book sack in the car, containing a CD player and some college textbooks. The victim described the first gunman as a black male, approximately six feet two inches tall, weighing two hundred and twenty pounds, approximately thirty years of age, wearing a blue, polo-style shirt, white nylon pants with a rip in the left leg, a blue cap, and dark sunglasses. The victim was unable to give a description of the driver, but said the he appeared to have a semiautomatic pistol between his legs. Officer Washington only took the initial report.
New Orleans Police Officer Ike Sterling, Jr., testified that he detained defendant on May 6,1999, and, at the direction of Detective Sergeant Rhodes, transported defendant to the Third District police station.
Sgt. Bradley Rhodes testified that he investigated a robbery that occurred at the Schwegmann’s Supermarket located at 5300 Old Gentilly Road, approximately twenty blocks from the location where Glenn Taylor was abducted. Upon his arrival at the scene of the later robbery, he noticed that defendant, who had been 1¡¡detained at the scene, fit the description of the person who had robbed Mr. Taylor. Sgt. Rhodes testified that Mr. Taylor telephoned him at home to inform him of the armed robbery, and gave him a description of the robber. Sgt. Rhodes explained that he and Mr. Taylor, a former police officer, had previously worked together in the homicide bureau.
Det. Cyril Davillier testified that he was notified by Sgt. Rhodes that defendant had the same physical description as the gunman who robbed Mr. Taylor. Defendant and his wife both signed consent to search forms for their Ferdinand Street *598 residence and their Mazda 626 automobile, which vehicle matched the description given by Mr. Taylor. Officers seized a pair of white nylon pants with a hole in what he said was the right knee, as well as a pair of white tennis shoes and a pair of dark sunglasses. No weapon, book bag, headphone set, or college books were found in the residence or in the vehicle. Det. Davillier subsequently presented a photographic lineup to Mr. Taylor, who identified defendant as the person who was driving the car. Det. Davillier testified that Mr. Taylor said he did not get a good look at the first gunman, as he had approached him from behind.
Glenn Taylor, a former New Orleans Police Officer and a student at Dillard University at the time of the robbery, testified that the gunman approached him from behind, put something to his back, and told him to keep walking and not to turn around. He was directed to a silver-gray colored vehicle, whereupon the driver, who he identified as defendant, opened the door. The first subject pushed him inside. As they were driving, defendant ordered Mr. Taylor to empty his pockets and wallet. Mr. Taylor said defendant talked to him continually as they drove. Defendant inspected Mr. Taylor’s driver’s license photograph, which pdepicted him in his police uniform, and Mr. Taylor informed him that he used to be a police officer. Mr. Taylor testified that defendant had a blue steel revolver in his left hand, partially inside of a purple Crown Royal bag, when he entered the car. Defendant had the gun pinned against the door with his left leg, and was driving with his right hand. Mr. Taylor said that he looked at defendant every time defendant asked him a question. He noticed defendant was wearing white nylon pants with a rip around the knee area. The vehicle stopped underneath Interstate 610, where Mr. Taylor was ordered to exit the vehicle, walk toward Elysian Fields Avenue, and not to turn around. Mr. Taylor said he identified defendant’s photograph in the lineup. He was certain of his identification. He viewed a photograph of the defendant’s car at trial, and said it looked like the one defendant was driving at the time of the robbery. He identified the pair of pants that defendant was wearing at the time of the robbery, and noted the rip in the left knee area.
Mr. Taylor said on cross-examination that he told the police officer who took the initial report that there were two weapons involved, a revolver and a semi-automatic weapon. However, he stated that he said the driver had what he believed was a semi-automatic weapon.

ERRORS PATENT:

A review of the record reveals no errors patent.

ASSIGNMENT OF ERROR NUMBER 1:

In his first assignment of error, defendant claims the evidence is insufficient to sustain the conviction.
| sThis court set out the well-settled standard for reviewing convictions for sufficiency of the evidence in State v. Ragas, 98-0011 (La.App. 4 Cir. 7/28/99), 744 So.2d 99, as follows:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4 Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court must consider the record as a whole since that is what a rational trier or fact would do. If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier’s view of all the evidence *599 most favorable to the prosecution must be adopted. The fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall; Green; supra. “[A] reviewing court is not called upon to decide whether it believes the witness or whether the conviction is contrary to the weight of the evidence.” State v. Smith, 600 So.2d 1319 (La.1992) at 1324.
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defem dant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La. 1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
98-0011 at pp. 13-14, 744 So.2d at 106-107, (quoting State v. Egana, 97-0318, pp. 5-6 (La.App. 4 Cir. 12/3/97), 703 So.2d 223, 227-228).
Defendant was convicted of armed robbery, defined by La. R.S. 14:64 as “the taking of anything of value belonging to another from the person of another or that is in the immediate control of another, by the use of force or intimidation, while armed with a dangerous weapon.”
I (-.Defendant argues that the evi7 dence is insufficient to prove that he was armed with a dangerous weapon at the time of the robbery. Mr. Taylor first testified that defendant, the driver of the car, was armed with a blue steel revolver, which was partially inside of a Crown Royal bag. However, he later testified on cross examination that at the time he gave his statement to the first officer he thought that the driver had been armed with a semi-automatic weapon. He then said that all he remembered was that it was a dark blue steel weapon. He subsequently stated that he mentioned both types of weapons to the first officer. While testifying further about the hole in the left inner leg of defendant’s pants, he said he noticed it because defendant had his leg up, pinning the weapon between his leg and the door of the vehicle. Mr. Taylor again referred to a revolver, but quickly corrected himself to refer only to a weapon. Officer Washington testified that Mr. Taylor reported to him that the driver had something wedged between his legs that he believed to be a semi-automatic weapon.
Mr. Taylor testified that the firearm was in a Crown Royal bag, and it apparently was partially concealed in that bag. This could account for Mr. Taylor’s uncertainty as to the type of firearm. Officer Washington testified that Mr. Taylor reported that the first gunman was wearing white pants with a rip in the left leg, but could not give a description of the driver. However, that apparently was erroneous, in that his description was of the driver, not the first gunman, who was behind him the whole time. A pair of white nylon pants with a rip in the left leg was seized from defendant’s residence. This buttresses Mr. Taylor’s credibility insofar as his ability to recall details.
“If credible, the testimony of a single witness may establish the elements of a crime beyond a reasonable doubt.” State v. Womack-Grey, 99-0416, p. 17 (La.App. 4 Cir. 5/17/00), 764 So.2d 108, 119. A factfinder’s credibility decision should not be disturbed unless it is clearly contrary to the evidence. State v. Harris, 99-3147, p. 6 (La.App. 4 Cir. 5/31/00), 765 So.2d 432, 435.
*600 Viewing this evidence in a light most favorable to the prosecution, any rational trier of fact could have found that Mr. Taylor, a former police officer with nine years experience, observed defendant with a dark blue steel firearm, whether it was a revolver or a semi-automatic firearm. Viewing all of the evidence in a light most favorable to the prosecution, any rational trier of fact could have found all of the essential elements of the crime of armed robbery present beyond a reasonable doubt.
There is no merit to this assignment of error.

ASSIGNMENT OF ERROR NUMBERS 2 & 8:

In these two assignments of error, defendant claims that the trial court erred in failing to consider the factors enunciated in La.C.Cr.P. art. 894.1 when sentencing him, and in sentencing him to an excessive sentence. La.C.Cr.P. art. 881.1 provides in pertinent part:
(1) Within thirty days following the imposition of the sentence or within such longer period as the trial court may set a sentence, the state or the defendant may make or file a motion to reconsider the sentence.
The motion shall be oral at the time of sentencing or in writing thereafter and shall set forth the specific grounds on which the motion is based.
* * *
Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.
| ¡¡La.C.Cr.P. art. 881.2 provides in pertinent part:
(1) The defendant may appeal or seek review of a sentence based on any ground asserted in a motion to reconsider sentence. The defendant also may seek review of a sentence which exceeds the maximum sentence authorized by the statute under which the defendant was convicted and any applicable statutory enhancement provisions.
In the instant case, defense counsel failed to file an oral or written motion for reconsideration of sentence. Therefore, defendant is precluded from raising both the claim of excessive sentence and the claim that the trial court failed to consider the sentencing factors enunciated in La. C.Cr.P. art. 894.1. State v. Tyler, 98-1667, p. 14 (La.App. 4 Cir. 11/24/99), 749 So.2d 767, 775.

CONCLUSION:

For the foregoing reasons, we affirm defendant’s conviction and sentence.

AFFIRMED.

. This was the only count as to which the State presented evidence.