I .WILLIAMS, Judge.
The defendant, Johnnie Beavers, was charged by bill of information with two counts of battery of a police officer, violations of LSA-R.S. 14:34.2(B)(3). After a jury trial, he was found guilty of one count of battery of a police officer and one count of simple battery. The trial court sentenced the defendant to serve six months in the parish jail for each conviction, with the sentences to be served concurrently.[1] *335 Defendant appeals his convictions and sentences. We affirm.

FACTS

On October 4,1998, the defendant, Johnnie Beavers, was driving through Minden, Louisiana, to a meet a friend. Beavers received a page from his friend and stopped at Harris Corner Convenience Store to use the telephone. Beavers initially attempted to use the pay telephone on the outside of the store, but the telephone was not working. Beavers then went inside the store and asked the clerk to use the telephone. At trial, Beavers claimed the store clerk was rude and had an attitude. Ultimately, the clerk called the police, claiming Beavers was causing a disturbance at the store.
Minden Police Officer Linton Chandler was dispatched to the scene. Upon arrival, Officer Chandler attempted to arrest Beavers, because of the disturbance and the fact that Beavers was uncooperative and smelled of alcohol. Beavers resisted arrest and refused to cooperate. Therefore, Officer Chandler sprayed him with freeze ® P in order to subdue him. ^Officer Chandler testified he was attacked by Beavers when he was attempting to handcuff him. This attack necessitated the use of force by Officer Chandler. Beavers claims that Officer Chandler struck him in the face several times during the incident. Chandler testified that he sprained his wrist during the altercation. The sprain required medical attention at the Minden Medical Center.
A second Minden Police Officer, Shane Griffith, arrived at the scene and assisted Officer Chandler in subduing Beavers. Officer Griffith also became involved in the altercation with Beavers, and all three men ultimately fell to the ground. Officer Griffith claims that Beavers bit him. The bite drew blood and required medical attention. At trial, Beavers denied biting Officer Griffith. Beavers was ultimately subdued and handcuffed at the scene.
Beavers was convicted of battery of a police officer and simple battery. The trial court sentenced the defendant to serve six months in the parish jail for each conviction, with the sentences to be served concurrently. The defendant appeals.
DISCUSSION
By his sole assignment of error, the defendant contends the evidence was insufficient to support the jury’s verdict.
Under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), we review the record in the light most favorable to the state to determine whether the evidence was sufficient to convince any rational trier-of-faet that all the essential elements of the crime had been proven 13beyond a reasonable doubt. State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333. In a criminal case, it is not the function of a court of appeal to evaluate the credibility of witnesses. State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury’s decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, supra; State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (La.1987). In the absence of internal contradiction or irreconcilable conflict with the physical evidence, one witness’ testimony, if believed by the trier-of-faet, is sufficient support for a requisite factual conclusion. State v. Robinson, 34,383 (La.App.2d Cir.2/28/01), 780 So.2d 1213; State v. White, 28,095 (La.App.2d *336 Cir.5/8/96), 674 So.2d 1018, writ denied, 96-1459 (La.11/15/96), 682 So.2d 760. The determination of whether the requisite intent is present is also a decision for the trier-of-fact. State v. Musgrove, 33,977 (La.App.2d Cir.12/15/00), 774 So.2d 1155; State v. Maxie, 30,877 (La.App.2d Cir.8/19/98), 719 So.2d 104.
Louisiana Code of Criminal Procedure Article 821 provides, in pertinent part:
[A] post verdict judgment of acquittal shall be granted only if the court finds that the evidence, viewed in a light most favorable to the state, does not reasonably permit a finding of guilty.
Article 821 manifests the intent to adopt the standard of Jackson as the proper degree of deference which both trial and appellate courts owe to the jury’s verdict. State v. Green, 28,994 (La.App.2d Cir.2/26/97), 691 So.2d 1273.
In the instant case, Beavers was convicted of simple battery, under LSA R.S. 14:35 and battery of a police officer, as set forth in LSA R.S. 14:34.2. These statutes provide, in pertinent part:
R.S. 14:34.2 Battery of a police officer
A. (1) Battery of a police officer is a battery committed without the consent of the victim when the offender has reasonable grounds to believe the victim is a police officer acting in the performance of his duty.
[[Image here]]
R.S. 14:35 Simple battery
Simple battery is a battery committed without the consent of the victim.
The defendant argues that he lacked the requisite intent to commit the crimes. The state argues that ample evidence was introduced to support the jury’s verdict. Therefore, the sole issue presented is whether the state introduced evidence sufficient to prove beyond a reasonable doubt that the defendant intended to commit simple battery and battery on a police officer.
Even though intent is a question of fact, it need not be proven as fact, it may be inferred from the circumstances of the transaction and the actions of the defendant. LSA-R.S. 15:445; State v. Odom, 511 So.2d 1214 (La.App. 2d Cir.), writ denied, 515 So.2d 446 (La.1987); State v. Boyer, 406 So.2d 143 (La.1981); State v. Fuller, 414 So.2d 306 (La.1982); State v. Beck, 445 So.2d 470, 477 (La.App. 2d Cir.), writ denied, 446 So.2d 315 (La.1984). For circumstantial evidence to sustain a conviction, upon assuming every fact to be proved that the evidence tends to prove, it must exclude every reasonable hypothesis of innocence. LSA-R.S. 15:438. The |fiLouisiana Supreme Court has recognized that Section 438 does not set forth a separate test from Jackson v. Virginia, supra, but rather it provides an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Boudreaux, 2000-0073 (La.App. 4th Cir.12/20/00), 777 So.2d 596, 598-99 (quoting State v. Ragas, 98-0011 (La.App. 4th Cir.7/28/99), 744 So.2d 99, 106-107).
The record contains testimony from three witnesses, the store clerk and the two officers, which amply supports the state’s contention that the defendant was belligerent, uncooperative and resisted arrest. At trial, Officer Chandler testified Beavers hit him with a closed fist and sprained his wrist by twisting it forcefully. Officer Griffin testified the defendant bit him twice. The medical reports and testimony at trial showed that both Officer Chandler and Officer Griffin required medical attention as a result of the altercation with the defendant. The defendant’s own witness admitted that the defendant never submitted to the police.
*337 When, as here, the appellate court is reviewing the evidence for sufficiency to convict, this court must accept the fact-finder’s determination of credibility and inferences drawn from conflicting evidence, when those determinations are reasonably supported by the record. This court is not to second guess the fact-finder’s resolution of the factual conflicts, but consider only whether the evidence deemed credible by the jury is legally sufficient to establish each essential element of the offense beyond a | ¿reasonable doubt. Bosley, supra; State v. Taylor, 34,096 (La.App.2d Cir.12/15/00), 774 So.2d 379; State v. Baker, 28,152 (La.App.2d Cir.5/8/96), 674 So.2d 1108, writ denied, 96-1909 (La.12/6/96), 684 So.2d 925.
After a thorough review of the record, we conclude that the evidence introduced at trial was sufficient to meet the standard required by Jackson. As shown above, defendant created a disturbance and subsequently was arrested. It was during that arrest that he attacked the officers, which ultimately required them to seek medical attention. Moreover, the jury obviously determined that the state’s witnesses were more credible than the defendant and his witnesses.
Based on the evidence presented, any rational trier of fact could have found that the defendant was guilty, beyond a reasonable doubt, of the crimes of battery of a police officer and simple battery.
This assignment of error lacks merit.
DECREE
For the foregoing reasons, the defendant’s convictions and sentences are affirmed.
AFFIRMED.

. LSA-R.S. 14:34.2B(3), battery on a police officer, provides for a sentence of not less than one year nor more than five years, with or without hard labor. Thus, the trial court imposed an illegally lenient sentence. However, since the sentence was not appealed by *335 the state, we are precluded from correcting this error on appeal. LSA-C.Cr.P. art. 882.