833 So.2d 910 (2002)
STATE of Louisiana
v.
Mary L. TOUPS a/k/a Mary Billiot.
No. 2001-K-1875.
Supreme Court of Louisiana.
October 15, 2002.
Rehearing Denied January 24, 2003.
*911 Richard P. Ieyoub, Attorney General, Harry F. Connick, District Attorney, Juliet L. Clark, Terrytown, Counsel for Applicant.
Kevin V. Boshea, New Orleans, Counsel for Respondent.
VICTORY, J.
We granted this writ to determine whether the court of appeal erred in vacating defendant's conviction for possession of cocaine, finding that the State failed to prove the element of possession. After reviewing the facts and the applicable law, we reverse the judgment of the court of appeal and reinstate defendant's conviction and sentence.

FACTS AND PROCEDURAL HISTORY
After receiving confidential information that a person named "Stan" was selling drugs from a residence at 633 North Scott Street and conducting a controlled purchase of drugs from that address on the afternoon of October 18, 1999, on that evening, New Orleans Police Department Officer Dennis Bush and five other officers executed a search warrant at that residence. Before executing the warrant, the officers conducted a surveillance of the residence for approximately thirty minutes. After receiving no response at the front door, Bush entered the shotgun residence. He observed defendant Mary *912 Toups and Stanley Williams, the known resident of that address, seated on a sofa in the front living room, facing one another and apparently engaged in conversation.[1] Two pieces of crack cocaine, three clear glass crack pipes and a razor blade were found on a coffee table positioned directly in front of defendant and Williams. Defendant was approximately three feet from the drugs on the table, which were directly in front of her. Another 16 rocks of cocaine found at the home were located in a plastic container that was next to Williams. Police also seized $304.00 in cash from the same area. The officers did not see defendant or Williams smoking from the pipes. The officers did not see defendant enter the residence during their 30-minute surveillance, indicating she was in the residence for at least that long, but were unable to find any indication that defendant resided there. Defendant falsely gave her name as "Mary Billiot" at the time of her arrest. While defendant was not charged with any offense with regard to the cocaine in the container, the State filed a bill of information charging defendant with possession of the two pieces of cocaine found on the coffee table.[2]
At trial, in addition to the above testimony, a criminologist with the New Orleans Police Department Crime Laboratory testified that the rocks in the container, the two additional rocks, and the pipes all tested positive for cocaine. None of the items were submitted for fingerprint analysis.
Defendant was found guilty as charged by a jury of six and was sentenced as a multiple offender to serve four years in the department of corrections. On May 23, 2001, her conviction was reversed by the Fourth Circuit Court of Appeal, which found that the evidence introduced at trial was constitutionally insufficient to support the conviction. State v. Toups, 00-1944 (La.App. 4 Cir. 5/23/01), 792 So.2d 18. We granted the State's writ application. State v. Toups, 01-1875 (La.5/24/02), 815 So.2d 851.

DISCUSSION
In reviewing the sufficiency of the evidence to support a conviction, an appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that the State proved the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Further, when the conviction is based on circumstantial evidence, La. R.S. 15:438 provides that such evidence must exclude every reasonable hypothesis of innocence. State v. Camp, 446 So.2d 1207 (La.1984). La. R.S. 15:438, however, does not establish a stricter standard of review than the more general rational juror's reasonable doubt formula; it is merely an evidentiary guide for the jury when considering circumstantial evidence. State v. Porretto, 468 So.2d 1142 (La.1985). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987). Finally, the fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. State v. Mussall, 523 So.2d 1305 (La.1988). A reviewing court is not called upon to decide whether it believes the witnesses or whether the conviction is contrary to the weight of the evidence. State v. Smith, 600 So.2d 1319 (La.1992).
*913 Toups was charged with possession of cocaine, a violation of La. R.S. 40:967, which makes it unlawful for any person to knowingly or intentionally possess a controlled dangerous substance. The State need not prove that the defendant was in physical possession of the narcotics found; constructive possession is sufficient to support a conviction. The law on constructive possession is as follows:
A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. Also, a person may be deemed to be in joint possession of a drug which is in the physical custody of a companion, if he willfully and knowingly shares with the other the right to control it.... Guilty knowledge is an essential ingredient of the crime of unlawful possession of an illegal drug....
State v. Trahan, 425 So.2d 1222 (La.1983) (citing State v. Smith, 257 La. 1109, 245 So.2d 327, 329 (1971)). However, it is well settled that the mere presence in an area where drugs are located or the mere association with one possessing drugs does not constitute constructive possession. State v. Harris, 94-0970 (La.12/8/94), 647 So.2d 337; State v. Bell, 566 So.2d 959 (La.1990).
A determination of whether there is "possession" sufficient to convict depends on the peculiar facts of each case. Factors to be considered in determining whether a defendant exercised dominion and control sufficient to constitute constructive possession include his knowledge that drugs were in the area, his relationship with the person found to be in actual possession, his access to the area where the drugs were found, evidence of recent drug use, and his physical proximity to the drugs. State v. Hughes, 587 So.2d 31, 43 (La.App. 2 Cir.1991), writ denied, 590 So.2d 1197 (La.1992); see also Bujol v. Cain, 713 F.2d 112 (5 Cir.1983), cert. denied, 464 U.S. 1049, 104 S.Ct. 726, 79 L.Ed.2d 187 (1984) (listing above factors as well as a sixth factor: "evidence that the area was frequented by drug users").
Toups argued to the jury that the only evidence connecting her with the drugs was her mere presence in the area where the drugs were found. However, most, if not all, of the factors used to determine whether a defendant exercised dominion and control sufficient to constitute constructive possession have been met in this case: (1) Toups inevitably had knowledge that drugs were in the area in that they were in plain view directly in front of her; (2) Toups had access to the area where the drugs were found; (3) Toups was in very close physical proximity to the drugs; and (4) the area was frequented by drug users, as the police received confidential information on the morning of October 18, 1999 that Williams was conducting drug transactions and the police did a controlled purchase of drugs from Williams that afternoon, and another 16 rocks of cocaine were on the sofa next to Williams. While there was no evidence presented of any specific relationship between Toups and Stanley Williams, it is reasonable to conclude that they were not strangers given that she was with Williams for at least 30 minutes prior to their arrest and that Williams would not sit at his coffee table with crack cocaine in plain view ready to be smoked with someone he did know personally or someone who he did not know would be amenable to using the drugs. Further, although there was no evidence presented of recent drug use, the fact that the drugs and paraphernalia were on the table in front of them and that the paraphernalia contained drug residue suggests that they were preparing to use, or had already used, drugs. Finally, it is important to note that the jury was presented with evidence that Toups gave a false name, "Mary Billiot," to the police *914 upon her arrest, indicating consciousness of guilt. State v. Davies, 350 So.2d 586 (La.1977) (evidence of flight, concealment, and attempt to avoid apprehension indicate consciousness of guilt and is one of the circumstances from which the jury may infer guilt); State v. Wade, 33,121 (La.App. 2 Cir. 5/15/00), 758 So.2d 987 (concealing identity by giving false name relevant because it indicates consciousness of guilt). The jury was presented with all this evidence and determined that Toups exercised dominion and control over the drugs sufficient to constitute constructive possession. We find that this evidence was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.
We disagree with the court of appeal's view that "[c]onsidering the evidence adduced at trial, one can only speculate as to what the defendant was doing in the residence," suggesting that "[s]he could have been a non-drug using member of a neighborhood church proselytizing defendant." 792 So.2d at 23. The jury rejected the "innocent" hypothesis that Toups was merely present at the sofa in front of illegal drugs, for the obvious reasons that there was no evidence presented to lead the jury to that conclusion and that any hypothesis other than possessing drugs was unreasonable. We agree.
Further, the cases relied upon by the court of appeal in reversing defendant's conviction are distinguishable. In State v. Bell, supra, this Court held that a rational fact finder could not have concluded from the mere presence of narcotics in a wrapped package among cassette tapes on the console of a car that the defendant, a passenger in the vehicle, was in possession of the contraband. This Court stated that even assuming the defendant "was aware of the contents" of the package, no rational fact finder could have concluded that he "exercised control and dominion over the package, or that he willfully and knowingly shared with [the co-defendant] the right to control it." 566 So.2d at 960. However, contrary to the facts in Bell where the drugs were wrapped in a package with no accompanying paraphernalia and therefore not susceptible of immediate use, in this case the drugs and necessary paraphernalia were placed directly in front of Toups ready for use.
This case is also distinguishable from the other case cited by the court of appeal, State v. Jackson, 557 So.2d 1034 (La.App. 4 Cir.1990). In Jackson, in which the court of appeal reversed the jury's verdict finding the defendant guilty of attempted possession of cocaine, the defendant was found standing in front of a homemade bar in a co-defendant's residence, on which were displayed a mirror with cocaine residue, two cocaine pipes (one of which was positive for cocaine residue), and one razor blade with cocaine residue. The court of appeal found that although the defendant was standing next to drug paraphernalia, there was no evidence that the pipe with residue was warm or that the defendant was anything other than a guest in the house. 557 So.2d at 1035. In the instant case, Toups was not only near paraphernalia which had been used at some unknown time, she was seated in front of two rocks of cocaine, not mere residue, in plain view and within arms length.
This case is more in line with State v. Harris, 585 So.2d 649 (La.App. 4 Cir.1991), which is similar in every respect except that the defendant in that case was the brother of the person who rented the apartment, whereas Toups' relationship to Williams is unknown. In Harris, the court of appeal found that where the defendant was sitting at his brother's kitchen table where cocaine was easily accessible and openly displayed along with drug paraphernalia, *915 and the defendant's brother was nearby free basing cocaine, the evidence was sufficient to establish that the defendant knowingly possessed the drugs on the kitchen. Although the defendant claimed he was only at his brother's house to eat a chicken dinner, the jury did not accept this hypothesis of innocence and the court of appeal confirmed the conviction. 585 So.2d at 651.

CONCLUSION
We find that the evidence presented in this case, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that the State proved that defendant exercised dominion and control over the cocaine sufficient to constitute constructive possession beyond a reasonable doubt. Most, if not all, of the factors used to help make this determination were present in this case. In addition, defendant gave police a false name upon her arrest. While certainly one could speculate about other reasons for defendant's presence at the residence, given the facts presented, the jury correctly concluded that any other explanation was unreasonable.

DECREE
For the reasons stated herein, the judgment of the court of appeal is reversed and defendant's conviction and sentence are reinstated.
REVERSED; CONVICTION AND SENTENCE REINSTATED.
KNOLL, J., dissents for the reasons assigned by the Fourth Circuit Court of Appeal.
CALOGERO, Chief Justice, dissents and assigns reasons.
Neither the defendant's mere presence in an area where drugs are located nor the defendant's mere association with one possessing drugs necessarily constitutes constructive possession. State v. Brisban, XXXX-XXXX, p. 8 (La.2/26/02), 809 So.2d 923, 929. A corollary to that rule is that the State must present evidence of constructive possession other than mere presence or mere association in order to support a defendant's conviction. In reversing the defendant's conviction, the court of appeal cited two cases that correctly demonstrate the application of that rule to defendants found in the presence of drugs in other people's residences, like the defendant in the instant case. State v. Jackson, 557 So.2d 1034 (La.App. 4 Cir.1990); State v. Harris, 585 So.2d 649 (La.App. 4th Cir. 1991).
In Jackson, the defendant's conviction for constructive possession was correctly reversed by the court of appeal because the State failed to present any evidence of constructive possession except mere presence or mere association. The Jackson defendant was found standing at a homemade bar displaying drug paraphernalia with traces of cocaine residue inside a residence into which the police followed an individual who had discarded drugs in plain view. Id. at 1034. The court of appeal's reversal was based on the lack of evidence to show that the residue-containing pipe was warm, that the defendant's fingerprints were on any of the items, that the defendant tested positive for cocaine, or that the defendant was anything more than a guest at the residence. Id. at 1035.
Conversely, in Harris, the defendant's conviction for constructive possession was correctly affirmed by the court of appeal because the State presented sufficient evidence of constructive possession, not just evidence of mere presence or mere association. In that case, police executing a search warrant of the defendant's brother's *916 house discovered the defendant seated at the kitchen table with another individual, while his brother was free-basing cocaine at the kitchen sink. 585 So.2d at 651. On the kitchen table in front of the defendant were a plastic bag containing cocaine, 54 marijuana cigarettes, drug paraphernalia, cash, and two plates, one of which tested positive for cocaine. Id. at 650. The court correctly found that evidence was sufficient to support defendant's conviction for constructive possession. Id. at 651.
In the instant case, police officers executing a search warrant discovered the defendant seated beside the resident of the address on a sofa three feet in front of a coffee table bearing drug paraphernalia with traces of cocaine and two rocks of crack cocaine. She was not sitting at a tableround, square, or otherwisewith drugs directly in front of her. She was charged with constructive possession of the two rocks of crack cocaine on the coffee table.
The majority distinguishes this case from Jackson by noting that actual drugs were present in plain sight within defendant's reach in this case, while only drug paraphernalia was present in the Jackson case. However, the drug paraphernalia in Jackson contained cocaine residue, which this court has found sufficient to support drug possession convictions. See, e.g., State v. Hill, 97-2551 (La.11/6/98), 725 So.2d 1282; State v. Randleston, 96-1646 (La.10/4/96), 681 So.2d 936. Moreover, the fact that the drugs were located within defendant's reach is insufficient, by itself, to support a defendant's conviction for constructive possession. See, e.g., State v. Bell, 566 So.2d 959 (La.1990).
Similar to Jackson, the State in the instant case presented no evidence to show that the crack pipes were warm, that defendant's fingerprints were found on any of the drug paraphernalia, that defendant had ingested any cocaine, that defendant intended to ingest cocaine, or that defendant was anything more than a guest in the residence. At the same time, in contrast to Harris case, the State presented no evidence in the instant case that anyone was ingesting drugs in the residence when the police arrived, or that anyone had ingested drugs in the residence while defendant was present. In fact, the State presented no evidence of constructive possession except mere presence or mere association.
Accordingly, I respectfully dissent from the majority decision reversing the judgment of the court of appeal and reinstating defendant's conviction and sentence. I would affirm the judgment reversing the conviction.
KNOLL, J., Dissenting.
Justice Knoll dissents for the reasons assigned by the Fourth Circuit Court of Appeal.
NOTES
[1] In another room, police found an elderly male connected to a respirator.
[2] Co-defendant Stanley Williams pled guilty as charged on February 17, 2000.