MAX N. TOBIAS, Jr., Judge.
_JjThis case comes before us on remand from the Supreme Court of Louisiana to determine the remaining issue on appeal. State v. Rose, 06-0402 (La.2/22/07), 949 So.2d 1236. We previously pretermitted a discussion of the sufficiency of the evidence, having found that the trial court committed an error of law by admitting certain evidence under La. C.E. art. 404(B) and State v. Prieur, 277 So.2d 126 (La.1973). See State v. Rose, 05-0396 (La.App. 4 Cir. 1/18/06), 925 So.2d 34. The Supreme Court reversed this court, holding that the other crimes evidence was properly admitted because it was not unduly or unfairly prejudicial and was probative to show the defendant’s identity, pattern, system, and motive. Rose, 06-0402 at p. 18, 949 So.2d at 1246. Insofar as the Supreme Court invalidated our finding that an error of law was committed, we now consider the second error assigned by the defendant regarding the sufficiency of the evidence.[1]
The defendant, Randy Rose (“Rose”) contends the evidence was insufficient to support his conviction. In State v. Major, 03-3522 (La.12/1/04), 888 So.2d 798, the Louisiana Supreme Court discussed the standard of review for claims raising sufficiency of the evidence in circumstantial cases as follows:
|2When reviewing the sufficiency of the evidence to support a conviction, Louisiana appellate courts are controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). See State v. Captville, 448 So.2d 676, 678 (La.1984). That standard dictates that to affirm the conviction the appellate court must determine that the evidence, viewed in the light most favorable to the *272 prosecution, was sufficient to convince a rational trier of fact that the State proved all elements of the crime beyond a reasonable doubt. State v. Johnson, 03-1228, p. 4 (La.4/14/04), 870 So.2d 995, 998; Captville, 448 So.2d at 678. Further, when the conviction is based on circumstantial evidence, La. R.S. 15:438 sets forth the rule that “assuming every fact to be proved that the evidence tends to prove, in order to convict, [the circumstantial evidence] must exclude every reasonable hypothesis of innocence.” However, La. R.S. 15:438 does not establish a stricter standard of review than the more general rational juror’s reasonable doubt formula; rather it serves as a helpful evidentiary guide for jurors when evaluating circumstantial evidence. State v. Toups, 01-1875, p. 3 (La.10/15/02), 833 So.2d 910, 912; State v. Chism, 436 So.2d 464, 470 (La.1983). When evaluating circumstantial evidence, the trier of fact must consider
the circumstantial evidence in light of the direct evidence, and vice versa, [and] the trier of fact must decide what reasonable inferences may be drawn from the circumstantial evidence, the manner in which competing inferences should be resolved, reconciled or compromised; and the weight and effect to be given to each permissible inference. From facts found from direct evidence and inferred from circumstantial evidence, the trier of fact should proceed, keeping in mind the relative strength and weakness of each inference and finding, to decide the ultimate question of whether this body of preliminary facts excludes every reasonable hypothesis of innocence.
Chism, 436 So.2d at 469.
Finally, constitutional law does not require the reviewing court to determine whether it believes the |awitnesses or whether it believes that the evidence establishes guilt beyond a reasonable doubt. State v. Mussall, 523 So.2d 1305, 1309 (La.1988). Rather, the fact finder is given much discretion in determinations of credibility and evidence, and the reviewing court will only impinge on this discretion to the extent necessary to guarantee the fundamental protection of due process of law. Johnson at pp. 4-5, 870 So.2d at 998; Toups at p. 3, 833 So.2d at 912.
Id., 03-3522 at pp. 6-7, 888 So.2d 801-02.
Rose contends that the 10:00 a.m. to 11:00 a.m. time frame for the murder provided by the state excluded the possibility that he could have committed the offense. Chiefly, defendant argues that the testimony established that he left the house at 10:00 a.m. and did not return thereafter. Accordingly, he contends that he could not have committed the crime.
The defendant testified that he left the residence at 10:00 or 10:15 that morning. Betty Rose testified that the defendant arrived at her house at 10:30 a.m. Also, Allen James testified that his mother dropped him off at work at 9:45 a.m. Assuming that Rose did not leave the residence until 10:15 a.m., it would not be unreasonable to conclude that he was still at home when Lisa James Rose returned. Additionally, solely his own self-serving testimony and that of his mother established the defendant’s alibi. It was not unreasonable for the trier of fact to discount these two accounts given the obvious bias presented.
Rose adds that no evidence was submitted to demonstrate that he had access to or was seen near the dumpster where the clothes were recovered. Furthermore, he notes that Ashley James did not see him wearing a blue weave cap that morning when Lisa James Rose came home.
*273 1 ¿Although there is no direct evidence linking the defendant to the dumpster on the day in question, the testimony established that he had previously used the dumpster to discard trash. Regarding the blue cap, Allen James testified that he had observed the defendant wearing the cap that morning. Although Ashley James did not testify that she saw the defendant wearing the cap, she also did not testify that he was not wearing the cap.
Upon review of the evidence as a whole it is apparent that, viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence to establish defendant’s guilt beyond a reasonable. That there was no sign of forced entry into the house implies that Lisa James Rose knew her killer. Furthermore, the apparent attempt to stage the crime scene to make it appear that a suicide occurred further suggests that the perpetrator knew the victim. As noted previously, the attempt to conceal the murder also points strongly to the defendant as the perpetrator.
Perhaps the strongest evidence suggestive of guilt is the recovery of the defendant’s torn cap with Lisa James Rose’s clothing. It is extremely difficult to hypothesize any other conclusion than the defendant was the perpetrator from this evidence, and defendant does not suggest any other reasonable conclusion to be drawn from this evidence.
Additionally, that Rose and the victim argued that morning and that the defendant was involved in a heated argument with Richard Wilson soon thereafter provide grounds for believing that the defendant may have become enraged and argued with his wife after she returned to the house that day.
Furthermore, it is not unreasonable for the jury to conclude that the defendant’s flight to Texas was indicative of guilt. The fact that the Rose failed to | seven inquire regarding the circumstances of his wife’s death prior to fleeing is also highly suggestive of guilt. Additionally, the scratch on the defendant’s hand, and his attempt to conceal it, is indicative of guilt.[2]
We find that this evidence alone is sufficient to support a finding of guilt beyond a reasonable doubt. However, considering the other crimes evidence, which the Supreme Court held we must consider, the evidence of guilt is overwhelming.[3]
Accordingly, viewing the evidence in the light most favorable to the state and assuming every fact to be proved that the evidence tended to prove, the evidence excluded every reasonable hypothesis of innocence and established the defendant’s guilt beyond a reasonable doubt.

AFFIRMED.

. For a complete statement of the facts, see State v. Rose, 05-0396 (La.App. 4 Cir. 1/18/06), 925 So.2d 34 and State v. Rose, 06-0402 (La.2/22/07), 949 So.2d 1236.

. Rose did not suggest during his testimony how he had gotten the scratch.

. See State v. Rose, 05-0396 (La.App. 4 Cir. 1/18/06), 925 So.2d 34 and State v. Rose, 06-0402 (La.2/22/07), 949 So.2d 1236