# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 09-231

**STATE OF LOUISIANA**

**VERSUS**

**DARYL W. JOHNSON**

**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
TENTH JUDICIAL DISTRICT COURT
PARISH OF NATCHITOCHES, NO. C11959
HONORABLE ERIC R. HARRINGTON, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

**MARC T. AMY
JUDGE**

**\*\*\*\*\*\*\*\*\*\***

Court composed of Marc T. Amy, Billy Howard Ezell, and James T. Genovese, Judges.

**AFFIRMED.**

**Genovese, J., concurs in part, dissents in part, and assigns written reasons.**

> **Van Hardin Kyzar**
> **District Attorney**
> **R. Stuart Wright**
> **Assistant District Attorney**
> **Post Office Box 838**
> **Natchitoches, LA   71458-0838**
> **(318) 357-2214**
> **COUNSEL FOR APPELLEE:**
> > **State of Louisiana**
>
> **G. Paul Marx**
> **Louisiana Appellate Project**
> **Post Office Box 82389**
> **Lafayette, LA   70598-2389**
> **(337) 237-2537**
> **COUNSEL FOR DEFENDANT/APPELLANT:**
> > **Daryl W. Johnson**

AMY, Judge.

The defendant was charged by bill of information with one count of possession of cocaine and one count of obstruction of justice. The defendant was found guilty of possession of cocaine and attempted obstruction of justice. On the possession of cocaine conviction, the defendant was sentenced to five years at hard labor. On the attempted obstruction of justice charge, he was sentenced to one year at hard labor to run concurrently with the possession of cocaine sentence. The defendant now appeals, challenging the sufficiency of the evidence on both convictions. For the following reasons, we affirm.

**Facts and Procedural Background**

Corporal Keith McDonald of the Natchitoches Police Department testified that on August 29, 2006, he was traveling on Powell Street when he noticed a pickup truck blocking the roadway. Officer McDonald pulled up behind the truck and observed the defendant, Daryl Johnson, standing outside the driver's side of the truck. The driver was later identified as Albert Gene Isaac. Officer McDonald testified that he observed what appeared to be a drug transaction between Mr. Isaac and the defendant. Specifically, he testified that Mr. Isaac handed the defendant a clear plastic bag, followed by the defendant handing Mr. Isaac money. The officer testified that as soon as the exchange was made, the defendant noticed the officer and look startled. The defendant then walked in front of the vehicle, entered the vehicle on the passenger's side, and the driver drove off. Officer McDonald called for backup and proceeded to follow the vehicle.

Lieutenant Brad Walker, with the Natchitoches City Police Department, responded to the call for backup. After Officer McDonald was sure that backup was secured, he turned on his police lights and initiated a traffic stop. Officer McDonald

testified that after he initiated the traffic stop, he observed, what he believed to be, a small rock of cocaine fly out of the driver's side window. Officer Walker also testified that he observed an object fly out of the driver's side of the truck. Neither Officer McDonald nor Officer Walker could identify which of the two men actually threw the rock. The pickup truck stopped, and both Mr. Isaac and the defendant were arrested. Pursuant to a search of the truck, officers discovered a "baggie" containing white power and a ten dollar bill on the passenger side floorboard. The baggie tested positive for cocaine residue. Officer McDonald admitted he did not know if the baggie found in the truck was the same baggie he saw handed to the defendant. Officer McDonald also recovered a cocaine rock which he testified was the cocaine rock thrown from the pickup truck. Officer Walker and Officer McDonald testified that the street value for the rock of crack cocaine recovered was ten to fifteen dollars.

The defendant was charged by Bill of Information with one count of possession of a controlled dangerous substance classified in Schedule II (crack cocaine) in violation of La.R.S. 40:967(C)[1], and one count of obstruction of justice by throwing suspected crack rock out of vehicle window in violation of La.R.S. 14:130.1. The defendant entered a plea of not guilty, and the matter proceeded to a trial by jury. The jury returned a guilty verdict for possession of a controlled dangerous substance and a guilty verdict for attempted obstruction of justice. The defendant now appeals, asserting the evidence introduced by the State is insufficient as a matter of law to prove any possession of cocaine and any obstruction of justice on behalf of the defendant.

---

[1] The original Bill of Information read La.R.S. 40:967(A). At trial, the Bill of Information was amended to reflect La.R.S. 40:967(C). The defense did not object.

2

**Discussion**

*Errors Patent.*

Having reviewed this matter in accordance with La.Code Crim.P. art. 920, we find no errors patent on the face of the record.

*Possession of Cocaine.*

When the issue of sufficiency of the evidence is raised on appeal, the critical inquiry of the reviewing court is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781 (1979). "Credibility determinations are within the sound discretion of the trier of fact and will not be disturbed unless clearly contrary to the evidence." *State v. Marshall*, 04-3139, p. 9 (La. 11/29/06), 943 So.2d 362, 369, *cert. denied*, _U.S._,128 S.Ct. 239 (2007).

The defendant was convicted of possession of cocaine, which makes it unlawful for any person to knowingly and intentionally possess a controlled dangerous substance. The State is not required to prove that the defendant was in physical possession of the drug found; constructive possession is sufficient to support a conviction. *State v. Toups*, 01-1875 (La. 10/15/02), 833 So.2d 910. The law on constructive possession provides:

> A person may be in constructive possession of a drug even though it is not in his physical custody, if it is subject to his dominion and control. Also, a person may be deemed to be in joint possession of a drug which is in the physical custody of a companion, if he willfully and knowingly shares with the other the right to control it . . . . Guilty knowledge is an essential ingredient of the crime of unlawful possession of an illegal drug . . . .

3

*Id.* at 913 (quoting *State v. Trahan*, 425 So.2d 1222, 1226). Whether there is "possession" sufficient to convict depends on the peculiar facts of each case. Factors to be considered in determining whether a defendant exercised dominion and control sufficient to constitute constructive possession include: his knowledge that drugs were in the area; his relationship with the person found to be in actual possession; his access to the area where the drugs were found; evidence of recent drug use; his physical proximity to the drugs, and; evidence the area was frequented by drug users. *Toups*, 833 So.2d 910. The mere presence of someone in an area where a controlled dangerous substance is located or mere association with the person found to be in possession of a controlled dangerous substance does not constitute constructive possession. *Id.*

Viewing the evidence in the light most favorable to the prosecution, pursuant to the *Jackson* standard, it is clear that a jury could reasonably conclude that sufficient evidence was presented to support the defendant's conviction for possession of cocaine. Officer McDonald testified to observing the pickup truck driver hand the defendant a "baggie" in exchange for money. All of the officers who testified described the area, where this transaction took place, as a high drug trafficking area. Officer McDonald testified that he recovered a "baggie" from the passenger's side of the vehicle, where the defendant was sitting. The baggie recovered contained white residue later confirmed by the crime lab to be cocaine. There was no testimony that other "baggies" were found in the truck or on the defendant's person. The suspected rock of crack cocaine thrown from the vehicle was also confirmed to be cocaine. In light of this evidence, the defendant's claim that the possession conviction is unsupported by evidence is without merit.

4

*Attempted Obstruction of Justice.*

Louisiana's obstruction of justice statute, La.R.S. 14:130.1, provides in pertinent part:

> A. The crime of obstruction of justice is any of the following when committed with the knowledge that such act has, reasonably may, or will affect an actual or potential present, past, or future criminal proceeding as hereinafter described:
>
> (1) Tampering with evidence with the specific intent of distorting the results of any criminal investigation or proceeding which may reasonably prove relevant to a criminal investigation or proceeding. Tampering with evidence shall include the intentional alteration, movement, removal, or addition of any object or substance either:
>
> > (a) At the location of any incident which the perpetrator knows or has good reason to believe will be the subject of any investigation by state, local, or United States law enforcement officers; or
> >
> > (b) At the location of storage, transfer, or place of review of any such evidence.

Louisiana defines attempt at La.R.S. 14:27 as:

> A. Any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether, under the circumstances, he would have actually accomplished his purpose.

Attempted obstruction of justice is not a legislatively designated responsive verdict listed in La.Code Crim.P. art. 815. In *State v. Hopkins*, 96-1063, p. 3 (La.App. 3 Cir. 3/5/97), 692 So.2d 538, 539-40, this court explained in pertinent part:

> Louisiana juries have the power to enter compromise verdicts, where the responsive verdict is legislatively authorized . . . Where the defendant acquiesces in the submission of responsive verdicts. The evidence must support either the responsive verdict returned or the crime charged. *State v. Porter*, 93-1106 (La. 7/5/94); 639 So.2d 1137.

5

The record does not reflect that the defendant objected to the inclusion of the lesser-included offense. Therefore, this court must consider whether the evidence supports a conviction of obstruction of justice or attempted obstruction of justice.

The defendant asserts that the State presented insufficient evidence to support the conviction of attempted obstruction of justice. Both officers at the scene testified that they could not identify who threw the cocaine out of the window, but both definitely testified that the cocaine was thrown out of the driver's side window.

The statutory rule in evaluating the sufficiency of circumstantial evidence is, "assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every reasonable hypothesis of innocence." La.R.S. 15:438. The Louisiana Supreme Court has explained the "hypothesis of innocence" stating:

> Consequently, before a trier of fact can decide the ultimate question of whether a reasonable hypothesis of innocence exists in a criminal case based crucially on circumstantial evidence, a number of preliminary findings must be made. In addition to assessing the circumstantial evidence in light of the direct evidence, and vice versa, the trier of fact must decide what reasonable inferences may be drawn from the circumstantial evidence, the manner in which competing inferences should be resolved, reconciled or compromised; and the weight and effect to be given to each permissible inference. From facts found from direct evidence and inferred from circumstantial evidence, the trier of fact should proceed, keeping in mind the relative strength and weakness of each inference and finding, to decide the ultimate question of whether this body of preliminary facts excludes every reasonable hypothesis of innocence.

*State v. Chism*, 436 So.2d 464, 469 (La.1983). A reviewing court does not determine whether a hypothesis offers the defendant an exculpatory explanation of the event; rather, the reviewing court evaluates "evidence in the light most favorable to the prosecution, determines whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt under *Jackson* [443 U.S. 307, 99 S.Ct. 2781]." *State v. Davis*, 92-

6

1623, p. 11 (La. 5/23/94), 637 So.2d 1012, *cert. denied*, 513 U.S. 975, 115 S.Ct. 450 (1994).

In this case, the defendant's hypothesis of innocence is that the driver of the vehicle threw the rock of cocaine out of the driver's side window. However, if the evidence is viewed in the light most favorable to the prosecution, as the standard of review requires, the jury could have determined that, after the defendant was witnessed taking the bag from the driver and entering the car, that he took the rock of crack cocaine from the bag and, himself, threw it from the driver's window. Alternatively, the jury could have concluded that the defendant took the rock of crack cocaine from the bag, and handed it to the driver so that he could throw it from the window. Either theory would satisfy La.R.S. 14:130.1's definition. Here, the officers witnessed the defendant with the bag before he entered the car and, afterwards, they located only a ten dollar bill and a single baggie containing cocaine residue. This evidence supports the State's case and does not render the alternative theory that the driver acted alone so likely that a rational trier of fact could not have found proof of guilt beyond a reasonable doubt. Accordingly, we find that the State presented sufficient evidence to support the defendant's conviction of attempted obstruction of justice.

This assignment lacks merit.

## DECREE

For the foregoing reasons, we affirm the defendant's convictions and sentences.

**AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

09-231

STATE OF LOUISIANA

VERSUS

DARYL W. JOHNSON

**GENOVESE, J., concurs in part, dissents in part, and assigns the following reasons.**

I concur with the majority in the affirmation of Defendant's conviction and sentence on the charge of possession of cocaine. However, I respectfully dissent from the majority as to the affirmation of Defendant's conviction and sentence on the charge of attempted obstruction of justice.

The Defendant asserts that the State failed to present sufficient evidence to support his conviction of attempted obstruction of justice. I agree. The record clearly indicates that both eyewitnesses testified that they did not see the Defendant throw anything out of the window. One of the eyewitnesses wrote in the incident report that "the driver threw a crack rock." This is the crux of the evidence in the record in support of Defendant's conviction of attempted obstruction of justice. It is uncontroverted that the Defendant was seated in the front passenger's seat of the vehicle alongside the driver of the vehicle, Albert Gene Isaac, and that the officers saw what appeared to be a rock of crack cocaine fly out of the driver's window. Mr. Isaac did not testify. No one testified that it was the Defendant who threw the rock of cocaine out of the driver's window. There was no evidence that he did so, and it cannot be presumed that he did so.

Even under the *Jackson* standard, the evidence presented by the State to the

1

jury is insufficient to prove beyond a reasonable doubt that the Defendant had the specific intent to attempt to obstruct justice. I would reverse the Defendant's conviction on the charge of attempted obstruction of justice, set aside his sentence, and enter a judgment of acquittal on that charge only.