# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #049

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **25th day of October, 2024** are as follows:

**PER CURIAM:**

2023-K-00722      *STATE OF LOUISIANA    VS.    CARLOS ANTHONY TOBY (Parish of Lafayette)*

REVERSED AND REMANDED. SEE PER CURIAM.

Griffin, J., dissents and assigns reasons.

# SUPREME COURT OF LOUISIANA

## No. 2023-K-00722

## STATE OF LOUISIANA

## VS.

## CARLOS ANTHONY TOBY

On Writ of Certiorari to the Court of Appeal, Third Circuit, Parish of Lafayette

**PER CURIAM:**[*]

We granted the State's application to review the court of appeal's determination that the evidence was insufficient, thus the State failed to prove beyond a reasonable doubt that defendant conspired in a second degree murder, La. R.S. 14:26 and 14:30.1, committed by his brother. We find the jury could reasonably infer from the circumstantial evidence, without speculating, that defendant and his brother planned to kill the victim, and defendant's brother then carried it out. Thus, we reverse the court of appeal, set aside the order of acquittal, and reinstate the jury verdict. We remand to the court of appeal to consider four pretermitted assignments of error.

Brandon Broussard was shot and killed in his girlfriend's driveway in Lafayette on October 13, 2018, shortly before midnight. Defendant had also dated the girlfriend. Defendant and Broussard fought in a Lafayette nightclub two weeks before the shooting. The State's theory was that defendant enlisted his brother, Shavis Toby, in the revenge killing.

Although neither defendant nor Shavis lived in Lafayette, cell phone data and surveillance footage showed that they both traveled to Lafayette on the day of

---

[*] Justice Jeannette Theriot Knoll, retired, appointed Justice Pro Tempore, sitting due to the vacancy in Louisiana Supreme Court District 3.

the murder (with defendant driving from Texas and Shavis driving from New Iberia). Phone tracking data and surveillance video placed defendant's phone and a dark colored vehicle like the one defendant drove in the immediate vicinity of the shooting (albeit not at the time of the shooting). Phone records also showed repeated calls and text messages between defendant and his brother between 4 and 7:18 pm on the day of the murder. While phone records indicated that defendant's phone was somewhere between Lafayette and Willow Street at the time of the shooting, phone records and surveillance video placed Shavis's phone and a vehicle like the one he drove near or at the crime scene around the time of the shooting.

Physical evidence linked Shavis to the crime scene and his car was captured nearby on surveillance video. A DNA profile collected from a fragment of a blue latex glove found in the grass at the crime scene matched Shavis's DNA. A box of the same style gloves was found at Shavis's home.

Defendant and Shavis were jointly tried. Shavis was found guilty of second degree murder and conspiracy to commit second degree murder. A jury acquitted defendant of second degree murder, but found him guilty of conspiracy to commit second degree murder.

The court of appeal found the evidence insufficient to prove defendant conspired in the killing. *State v. Toby*, 2022-481 (La. App. 3 Cir. 4/19/23), 363 So.3d 1260.[1] The court of appeal observed that there was no direct evidence of any agreement between defendant and Shavis, such as communications between them in which they discussed killing the victim. Instead, the State's case was circumstantial and relied primarily on cell phone usage and location evidence from the two brothers' cellphones. While the court of appeal acknowledged that an

---

[1] In a separate opinion, the court of appeal affirmed Shavis's convictions and sentences for second degree murder and conspiracy to commit second degree murder. *State v. Toby*, 2022-386 (La. App. 3 Cir. 3/8/23), 358 So.3d 289, *writ denied*, 2023-0049 (La. 12/5/23), 373 So.3d 714.

agreement can be inferred from circumstantial evidence, they found the circumstantial evidence here failed to exclude every reasonable hypothesis of innocence. Instead, the court of appeal found the jury could only speculate when it inferred an agreement from the circumstantial evidence presented at trial. We disagree.

Appellate review for constitutional sufficiency of evidence is limited by the due process standard of *Jackson v. Virginia. See State v. Rosiere*, 488 So.2d 965, 968 (La. 1986). Under that standard, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).[2]

A defendant engages in a criminal conspiracy if he makes an agreement with one or more persons for the specific purpose of committing a crime and at least one of the parties does an act in furtherance of the object of the agreement. La. R.S. 14:26(A). Specific intent is an essential element of criminal conspiracy. *Louisiana State Bar Ass'n v. Pitard*, 462 So.2d 170, 181 (La. 1985); *State v. Mayeaux*, 570 So.2d 185, 192 (La. App. 5 Cir. 1990). Specific intent is defined as the state of mind which exists when the circumstances indicate that the offender actively

---

[2] Regarding appellate review under the *Jackson v. Virginia* standard, the United States Supreme Court has emphasized:

> Sufficiency review essentially addresses whether "the government's case was so lacking that it should not have even been submitted to the jury." On sufficiency review, a reviewing court makes a limited inquiry tailored to ensure that a defendant receives the minimum that due process requires: a "meaningful opportunity to defend" against the charge against him and a jury finding of guilt "beyond a reasonable doubt." The reviewing court considers only the "legal" question "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *That limited review does not intrude on the jury's role "to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."*

*Musacchio v. United States*, 577 U.S. 237, 243, 136 S.Ct. 709, 715, 193 L.Ed.2d 639 (2016) (internal citations omitted) (emphasis added).

3

desired the proscribed criminal consequences to follow his act or failure to act. La. R.S. 14:10(1); *State v. Johnson*, 2001-1084, pp. 6–7 (La. App. 3 Cir. 2/6/02), 817 So.2d 120, 125. Intent is a question of fact that may be inferred from the circumstances of the transaction and the actions of the defendant. La. R.S. 15:445; *State v. Boyer*, 406 So.2d 143, 150 (La. 1981).

Here, the State's case rested largely on circumstantial evidence. Circumstantial evidence is "evidence of one fact, or a set of facts, from which the existence of the fact to be determined may reasonably be inferred." *State v. Chism*, 436 So.2d 464, 468 (La. 1983), citing McCormick, *Law of Evidence*, p. 435 (2d ed. 1972). When circumstantial evidence forms the basis of the conviction, the evidence, "assuming every fact to be proved that the evidence tends to prove, in order to convict, [the circumstantial evidence] must exclude every reasonable hypothesis of innocence." La. R.S. 15:438; *State v. Toups*, 2001-1875, p. 3 (La. 10/15/02), 833 So.2d 910, 912 (La. R.S. 15:438 does not establish a stricter standard of review than the more general rational juror's reasonable doubt formula; rather it serves as a helpful evidentiary guide for jurors).

The *Jackson* standard "leaves juries broad discretion in deciding what inferences to draw from the evidence presented at trial, requiring only that jurors 'draw reasonable inferences from basic facts to ultimate facts.'" *Coleman v. Johnson*, 566 U.S. 650, 655, 132 S.Ct. 2060, 2064, 182 L.Ed.2d 978 (2012). Importantly, the *Jackson* due process standard does not allow a jury to speculate on the probabilities of guilt where rational jurors would necessarily entertain a reasonable doubt. *State v. Mussall*, 523 So.2d 1305, 1311 (La. 1988). The requirement that jurors reasonably reject the hypothesis of innocence advanced by the defendant in a case of circumstantial evidence presupposes that a rational rejection of that hypothesis is based on the evidence presented, not mere speculation. *State v. Quinn*, 2019-0647, p. 7 (La. 9/1/20), 340 So.3d 829, 834,

4

citing *State v. Schwander*, 345 So.2d 1173, 1175 (La. 1977).

The court of appeal concluded that the jury could only speculate to infer defendant's participation in a conspiracy with his brother Shavis. However, the State presented evidence at trial that both brothers travelled to Lafayette on the day of the murder and engaged in multiple phone calls and texts to each other before the murder. Furthermore, the State presented evidence that Shavis travelled to murder a victim he did not know, other than that defendant was recently in a fight with him. Notably, evidence was also presented that defendant obtained a new phone the day after the murder. The jury could reasonably infer guilty knowledge from the attempt to conceal defendant's electronic communications with Shavis.

In circumstantial evidence cases, a reviewing court does not determine whether another possible hypothesis could afford an exculpatory explanation of the events. Rather, the court determines whether, considering the evidence in the light most favorable to the prosecution, the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt under *Jackson v. Virginia*. *See State v. Davis*, 637 So.2d 1012, 1020 (La. 1994). Here, defendant does not identify any reasonable hypothesis remaining after the evidence is viewed in the light most favorable to the prosecution. The court of appeal departed from the *Jackson v. Virginia* standard, substituting its judgment for that of the jury, when it found an otherwise unspecified reasonable hypothesis of innocence remained. Simply because there was no direct evidence, such as the precise content of a text message to show an agreement (defendant replaced his phone, thus covered his tracks), jurors were not foreclosed from inferring from the circumstantial evidence presented that defendant conspired with his brother in the plot to kill Broussard.

We reverse the court of appeal, which acquitted defendant. We reinstate the jury's guilty verdict of conspiracy to commit second degree murder. The case is

remanded to the court of appeal to consider four pretermitted assignments of error.

**REVERSED AND REMANDED**

# SUPREME COURT OF LOUISIANA

## No. 2023-K-00722

## STATE OF LOUISIANA

## VS.

## CARLOS ANTHONY TOBY

*On Writ of Certiorari to the Court of Appeal, Third Circuit, Parish of Lafayette*

**GRIFFIN, J., dissents and assigns reasons**.

I respectfully dissent for the reasons given by the court of appeal. A conviction based entirely on circumstantial evidence must necessarily "exclude every reasonable hypothesis of innocence." La. R.S. 15:438; *State v. Toups*, 01-1875, p. 3 (La. 10/15/02), 833 So.2d 910, 912. The State failed to meet this burden as it is undisputed that not one witness testified regarding an agreement; nor did the State present any recording, messages, or communication between Mr. Toby and his brother relating to an agreement to kill or inflict great bodily harm upon the victim.

"[A] conviction based upon a record wholly devoid of any relevant evidence of a crucial element of the offense charged is constitutionally infirm." *Jackson v. Virginia*, 443 U.S. 307, 314 (1979). The court of appeal, as it relates to Carlos Toby, viewed the entire record of this case including all evidence presented at trial. It correctly concluded that "[Mr. Toby's] conviction is based on impermissible speculation and due process requires reversal." *State v. Toby*, 22-0481, p. 6 (La. App. 3 Cir. 4/19/23), 363 So. 3d 1260, 1264.