765 So.2d 432 (2000)
STATE of Louisiana
v.
Leonard HARRIS.
No. 99-KA-3147.
Court of Appeal of Louisiana, Fourth Circuit.
May 31, 2000.
Harry Connick, District Attorney, Cate L. Bartholomew, Assistant District Attorney, New Orleans, LA, Counsel for Plaintiff-Appellee.
Christopher A. Aberle, Louisiana Appellate Project, Mandeville, LA, Counsel for Defendant-Appellant.
Court composed of Judge WILLIAM H. BYRNES, III, Judge STEVEN R. PLOTKIN and Judge DENNIS R. BAGNERIS, Sr.
BAGNERIS, Judge.
Leonard Harris was charged by bill of information on January 7, 1999, with aggravated battery, a violation of La. R.S. 14:34. At his arraignment on February 12 th, he pleaded not guilty. However, on May 12th after waiving his right to a jury trial, Harris was found to be guilty as charged. Through counsel Harris filed a motion for a new trial which was withdrawn on August 27, 1999, the day he pleaded guilty as a second offender to the multiple bill. Harris was sentenced on that same day to serve five years at hard labor. This Court granted Harris an out-of-time appeal.
At trial Ms. Nadine Margaret Foy testified that she knew Harris through her work at St. Claude Hospital. On November 28, 1998, Ms. Foy was getting dressed when Harris entered her house with his own key. He was in a "rage," acting "very strangely," and asking her about a battery charger. Ms. Foy, who was ironing in the kitchen, told him she knew nothing of the charger. Harris opened a kitchen drawer, pulled out a knife, and stabbed her in the palm of her right hand. Ms. Foy immediately tried to stop the bleeding. Harris left the house, and she called the police. Ms. Foy went to the hospital for treatment and had stitches in her hand. Someone told her that a man in a visitors' area wanted to see her, and when she went there, she found it was Harris. Under cross-examination, Ms. Foy testified she *433 called the police twice, but with the first call she simply told them everything was all right. Ms. Foy also testified that she was not sure whether she or her son first called the police or whether she or her son first told the police over the telephone that she had been stabbed. She denied burning Harris' arm with the iron. She testified that she took a shower before going to the hospital. She testified that she did not know who washed the blood from the knife, but she did not do it. By the time the police officer arrived at her home, Harris had fled.
Detective Andre Gilds testified that he responded to a call of aggravated battery at 2245 Dupre Street.[1] Officer Cherylyn was at the scene, and so the detective went to the hospital to interview Ms. Foy, the victim. Ms. Foy told him her boyfriend had stabbed her in the hand. Harris appeared at the hospital, and the detective spoke with him. Harris gave another name, and the detective had the victim identify the defendant before arresting him. Detective Gilds testified that Ms. Foy received stitches for a stab wound to her hand. Under cross-examination, Detective Gilds testified that he did not seek to have Harris treated for a burn on his arm.
Mr. Jamal Foy, the victim's son, testified that he woke up about 6 a.m. on the morning of November 28, 1998, when he heard the door open and Harris come into his home. He described Harris as "drunk." Jamal testified that he went into the kitchen where he found his mother screaming and with a bloody hand. He testified that he wiped the blood from the floor and called the police the first time to report that Harris entered the home. Jamal also testified that his mother and Harris had dated for about a year and a half.
Officer Ike Sterling testified that he investigated the aggravated battery at 2245 Drew Avenue where he spoke with Ms. Foy and wrote the police report. She told him Harris had stabbed her. She said that when she went into the bathroom to take a shower, Harris took a ring of hers before he left.[2] She showed him her wounded hand, and he called the emergency medical unit for aid. There was no blood on the floor or on the knife used because the victim had cleaned it up. The officer said he took Harris to a doctor for treatment for a burn on his arm.
Harris, the defendant, testified that on November 28, 1998, he entered Ms. Foy's house and argued with her because she pawned his battery charger. He denied stabbing Ms Foy; however, he said she burned him with the iron. He acknowledged he became angry when he found she had pawned his battery charger, but he could not remember what happened after he got angry. When asked exactly when the burn occurred, he said "[a]fter I wasn't there [sic]. After the policefirst police officer came." Jamal Foy called the police initially because Mr. Harris was "disturbing the house." Under cross-examination, Harris admitted prior convictions for indecent behavior, possession of a stolen automobile, and theft. Harris testified that he found out from her son that Ms. Foy had gone to the hospital when he called her home sometime later that morning. He appeared at the hospital to find out what happened to her and not for treatment for his burn. When the policeman approached him, he gave a false name because the officer "looked like a stranger."

DISCUSSION
In a single assignment of error Harris argues that the evidence is insufficient to support the conviction.
When assessing the sufficiency of evidence to support a conviction, the appellate court must determine whether, viewing *434 the evidence in the light most favorable to the prosecution, any rational trier of fact could have found proof beyond a reasonable doubt of each of the essential elements of the crime charged. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Jacobs, 504 So.2d 817 (La.1987).
Harris was convicted of aggravated battery. La. R.S.14:33 defines battery as "the intentional use of force or violence upon the person of another." La. R.S. 14:34 defines aggravated battery as "a battery committed with a dangerous weapon."
On appeal, Harris complains of inconsistencies and omissions in the evidence. Specifically he points out that Ms. Foy did not testify that they were dating; that she gave inconsistent testimony about calling the police; that she originally told the police nothing happened; that she took a shower before going to the hospital; that blood was not found on the floor or the knife; that she denied burning him; that her son said Ms. Foy was sleeping and she testified she was ironing when the defendant entered the house; that she recanted the ring theft; and that he did not flee the scene but arrived at the hospital.
In a discussion of the standard of evidence required to support a conviction, the Louisiana Supreme Court stated, "The principal criterion of a Jackson v. Virginia review is rationality." State v. Mussall, 523 So.2d 1305, 1310. The court continued:
If rational triers of fact could disagree as to the interpretation of the evidence, the rational trier's view of all the evidence most favorable to the prosecution must be adopted. Thus, irrational decisions to convict will be overturned, rational decisions to convict will be upheld, and the actual fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. [Emphasis in original].
(Id.).
Applying the Jackson standard to this case, we conclude that any rational trier of fact would find the evidence sufficient. Harris lists inconsistencies and omissions on the victim's part that are irrelevant or trivial. Harris objects that Ms. Foy did not testify that she dated him. When Ms. Foy was asked how she knew Harris, she responded that she met him through her job. However, she did say he had a key to her house, and her son testified that Ms. Foy and Harris dated.
Similarly, the inconsistent testimony complained of is irrelevant. Harris points out that Ms. Foy said she called the police once or twice or maybe her son called the police both times. She also testified that she did not remember whether she or her son called. Jamal testified that he initially called because Harris was drunk and causing a disturbance, and at that time, Ms. Foy told the police nothing was happening.
Likewise, the facts that Ms Foy took a shower before going to the hospital, and that her son wiped up the blood from the floor and from the knife, do not weaken the aggravated battery conviction. Both Ms. Foy and her son testified that she received a knife wound in the palm of her hand; Harris said he did not cut her, but he also said he could not remember what happened. The essential facts are that Ms. Foy received stitches for a knife wound inflicted, according to her testimony, by Harris.
As to Harris' burn, the evidence is unclear as to how and when it occurred. Even though he testified that Ms. Foy burned him, he did not give a lucid account of the alleged incident, and he did not argue he cut her in self-defense or charge her with battery. Furthermore, he did not seek medical attention for the burn until it was clear that he was going to be arrested.
The inconsistent testimony as to what Ms. Foy was doingwhether sleeping or ironingwhen Harris arrived at her house is immaterial. The fact that Ms. Foy recanted the ring theft goes to her reliability, *435 and the fact that Harris arrived at the hospital does not attest to his innocence, especially since he gave the police an alias rather than his real name.
A factfinder's credibility decision should not be disturbed unless it is clearly contrary to the evidence. State v. Morgan, 94-2586 (La.App. 4 Cir. 3/14/96), 671 So.2d 998, writ denied 96-0975 (La.9/27/96), 679 So.2d 1359; State v. Cashen, 544 So.2d 1268 (La.App. 4th Cir.1989). In the instant case, the trial court's findings are not clearly contrary to the evidence. Ms. Foy, her son, and two police officers testified that she had a deep cut in her hand. Thus, her testimony was corroborated by other testimony.
Accordingly, Harris' conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Two other witnesses testified that the address was 2245 Drew Street.
[2] In her testimony, Ms Foy said she later found the ring and realized that she had mistakenly accused the defendant of taking it.