EDWIN A. LOMBARD, Judge.
 

 statement of the Case
 

 On October 17, 2007, after a trial by jury, Defendant/Appellant, Donald R. Nelson (“Mr. Nelson”) was found guilty as charged of attempted simple burglary and was sentenced to serve three years at hard labor, to run concurrently with any other sentence he may be serving. Mr. Nelson now appeals his conviction, arguing that the State failed to produce sufficient evidence to prove that he was the perpetrator of the crime.
 

 Relevant Facts
 

 At about midnight on February 11, 2007, Shelia Connolly (“Ms. Connolly”) and Libby Krimsier (“Ms. Krimsier”) were being dropped off at Ms. Connolly’s house, on Coliseum Street in New Orleans, by a friend. Upon nearing the house, the women observed a man lurking in front of the house and decided to circle the block. When they came back around to the house, the women saw the same man looking in the back of Ms. Connolly’s Honda CRV, which was parked on the street, and they saw the man trying to open the back door of the vehicle. The Mend who was driving the car honked her horn, startling the man, who then turned and started walking towards them. The women sped off and immediately called pthe police. As they drove off, they saw the man walking up Erato Street toward Prytania Street. Both women testified that the area was well-lit.
 

 At trial, Detective Claudia Bruce testified that she and her partner received a call from dispatch at 12:08 a.m. regarding an incident that occurred on Coliseum Street, and they were given a description of the alleged perpetrator and the clothing that the he was wearing — a black male wearing a knit hat, a fatigue-style jacket and dark pants. Detective Bruce and her partner canvassed the area and observed a subject fitting the description of the perpetrator at the corner of Thalia and Prytania Streets, just two blocks from Ms. Connolly’s house. The subject, who was later identified as Mr. Nelson, was an African-American male wearing a knit cap, a fatigue-style jacket and dark pants. Mr. Nelson was detained by the officers at approximated 12:21 a.m. Detective Bruce’s partner then picked up Ms. Connolly and Ms. Krimsier and brought them to the location where Mr. Nelson was being detained. There, both women immediately identified Mr. Nelson as the person that was trying to enter Ms. Connolly’s car. At the time of the identification, Mr. Nelson was standing ten to twenty feet away from Ms. Connolly and Ms. Krimsier.
 

 Errors Patent
 

 A review of the record reveals no errors patent.
 

 Assignment of Error
 

 Mr. Nelson’s sole assignment of error is that the evidence that was presented against him at trial was insufficient to support his conviction. He specifically argues that the State did not present any fingerprints or other type of physical evidence that linked him to the attempted burglary, and under these circumstances, the State failed to negate any reasonable probability of that he was misidentified by Ms. Connolly and Ms. Krimsier.
 

 pin
 
 State v. Brown,
 
 03-0897, p. 22 (La.4/12/05), 907 So.2d 1, 18, the court set
 
 *60
 
 forth the standard for determining a claim of insufficiency of evidence:
 

 When reviewing the sufficiency of the evidence to support a conviction, Louisiana appellate courts are controlled by the standard enunciated in
 
 Jackson v. Virginia,
 
 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under this standard, the appellate court “must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.”
 
 State v. Neal,
 
 00-0674, (La.6/29/01) 796 So.2d 649, 657 (citing
 
 State v. Captville,
 
 448 So.2d 676, 678 (La.1984)).
 

 See also
 
 State v. Sykes,
 
 04-1199 (La.App. 4 Cir. 3/9/05), 900 So.2d 156.
 

 Mr. Nelson was charged with and convicted of attempted simple burglary. A conviction for attempted simple burglary requires proof that the defendant committed “an act for the purpose of and tending directly toward” the unauthorized entry of a dwelling or other structure “with the intent to commit a felony or any theft therein.” La. R.S. 14:27; La. R.S. 14:62.
 

 Mr. Nelson does not dispute that an attempted simple burglary occurred, but only that the witnesses have misidentified him as the perpetrator of the crime. He argues that his conviction rests solely on the identification testimony of the two women without any physical evidence, such as fingerprints, that links him to the crime. Mr. Nelson also notes no tools were found on his person when he was apprehended and that the perpetrator would likely have traveled more than two blocks in the roughly fifteen minutes it took for the police to stop him after the alleged attempted simple burglary occurred. However, these points are irrelevant since the use of tools is not a requirement of the crime of attempted simple burglary, and the fact that the perpetrator could have traveled farther in the time between the crime and apprehension is of no matter.
 

 | Jn his brief, Mr. Nelson makes the blanket assertion that the one-on-one identification procedure utilized by the police was suggestive, yet he offers no argument in support of this claim. A defendant who challenges an identification must prove both that the identification itself was suggestive and that a likelihood of mis-identification existed as a result of the identification procedure.
 
 State v. Valentine,
 
 570 So.2d 533, 535 (La.App. 4 Cir. 1990), citing
 
 Manson v. Brathwaite,
 
 432 U.S. 98, 97 S.Ct. 2243, 53 L.Ed.2d 140 (1977). Moreover, even if the identification could be considered suggestive, it is the likelihood of misidentification that violates due process, not merely the suggestive identification procedure. See, e.g.,
 
 State v. Thibodeaux,
 
 98-1673, p. 21 (La.9/8/99), 750 So.2d 916, 932. Fairness is the standard of review for identification procedures, and reliability is the linchpin in determining the admissibility of identification testimony.
 
 Manson v. Brathwaite,
 
 432 U.S. 98, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977).
 

 An identification procedure is suggestive if, during the procedure, the witness’ attention is unduly focused on the defendant.
 
 Thibodeaux,
 
 supra, 98-1673, p. 21. Thus, one-on-one identifications like the one utilized by the police in this case, are generally not favored, although such an identification procedure is permissible under certain circumstances.
 
 State v. Benoit,
 
 07-35, p. 6 (La.App. 5 Cir. 5/29/07), 960 So.2d 279, 283. For example, one-on-one identifications are justified when the accused is apprehended within a relatively short period of time after the occurrence of the crime and when the accused has
 
 *61
 
 been returned to the scene for immediate identification.
 
 State v. Hurd,
 
 05-258 (La. App. 5 Cir. 11/29/05), 917 So.2d 567, 571. Immediate confrontation assures the reliability of the identification as the perpetrator’s appearance is fresh in the witness’ mind, lessens the possibility that the perpetrator’s clothes or appearance will be changed, 1 nand insures early release of innocent subjects.
 
 State v. Frank,
 
 344 So.2d 1039, 1041 (La.1977).
 
 [1]
 

 In this case, the eyewitnesses, Ms. Connolly and Ms. Krimsier, provided a physical description of the subject to the police. Additionally, they testified that as they drove off, they saw the perpetrator walking toward Prytania Street. Detective Bruce and her partner apprehended Mr. Nelson on the corner of Thalia and Prytania Streets wearing the exact clothing that the eyewitnesses had described. Within minutes of Mr. Nelson’s apprehension, the women identified him as the perpetrator. Given these circumstances, we find that the one-on-one identification of Mr. Nelson was not suggestive. However, even if it was suggestive, Mr. Nelson would still have to show that the identification was unreliable. Even a suggestive out-of-court identification will be admissible if it is found to be reliable under the totality of the circumstances.
 
 State v. Guy,
 
 95-0899 (La.App. 4 Cir. 1/31/96), 669 So.2d 517.
 

 In
 
 Manson v. Brathwaite,
 
 supra, 97 S.Ct. 2243, the U.S. Supreme Court set out a five-factor test to determine whether a suggestive identification is reliable: (1) the opportunity of the witness to view the assailant at the time of the crime; (2) the witness’s degree of attention; (3) the accuracy of the witness’s prior description of the assailant; (4) the level of certainty demonstrated by the witness; and (5) the length of time between the crime and the confrontation.
 
 Id.
 
 at 2253. The ^corrupting effect of the suggestive identi-fieation itself must be weighed against these factors.
 
 State v. Martin,
 
 595 So.2d at 592, 595 (La.1992).
 

 Here, both women testified that the area in which they observed the perpetrator was well-lit. They testified that the perpetrator turned and walked towards them before they sped off. Their description of Mr. Nelson’s appearance was accurate, and both women positively identified Mr. Nelson as the perpetrator of the crime just minutes after it took place. In sum, under
 
 Manson,
 
 the identification of Mr. Nelson was reliable, and the jury’s finding that Mr. Nelson was the perpetrator of the attempted simple robbery is supported by the evidence. Thus, Mr. Nelson’s argument that the evidence was insufficient because the state failed to prove that he was the perpetrator of the crime is without merit.
 

 The jury was aware of all the factors asserted by Mr. Nelson. It heard the trial testimony of one of the detectives, who confirmed that Mr. Nelson had no tools on his person at the time he was apprehended and that no crime lab personnel were
 
 *62
 
 called to the scene for the purposes of taking photographs and lifting fingerprints. But more importantly, the jury also heal'd from the eye-witnesses, who were absolutely positive in them identification of Mr. Nelson as the perpetrator. The jury weighed the testimony of the state’s witnesses and apparently found them to be credible and this finding should not be disturbed unless it is clearly contrary to the evidence.
 
 State v. Huckabay,
 
 00-1082 (La.App. 4 Cm 2/6/02), 809 So.2d 1093;
 
 State v. Harris,
 
 99-3147 (La.App. 4 Cir. 5/31/00), 765 So.2d 432.
 

 We find that the eyewitness identification of Mr. Nelson as the perpetrator of the crime was credible and reliable and that the State sufficiently negated any reasonable probability of misidentification. We also find that, based on the |sevidence presented at trial, a reasonable trier of fact could have found, beyond a reasonable doubt, that Mr. Nelson was the perpetrator of the crime. Therefore, the jury’s finding that Mr. Nelson was the perpetrator of the attempted simple robbery of Ms. Connolly’s vehicle is suppoi'ted by the evidence and must be upheld.
 

 Decree
 

 Accordingly, for the reasons set
 
 forth
 
 herein, we affirm Mr. Nelson’s conviction and sentence for the crime of attempted simple burglary.
 

 AFFIRMED.
 

 [1]
 

 . See, e.g.,
 
 State v. Valentine,
 
 supra, 570 So.2d 533 (La.App. 4 Cir. 1990), wherein this Court upheld one-on-one identifications by two witnesses to an armed robbery of a restaurant that were based mainly on the similarity of clothing between the defendant and the perpetrator. In
 
 Valentine,
 
 the defendant was apprehended near the scene of the robbery and taken back to the scene within thirty minutes to an hour of the robbery. The witnesses separately went to the police car to view the defendant as he sat handcuffed in the back of the police car. Although one witness identified the defendant based mainly upon the distinctive shirt he wore, the other witness saw the defendant outside the restaurant just prior to the robbery dressed in the same manner as the robber. Based on these circumstances, the court held that the identification procedure was not suggestive.