TERRI F. LOVE, Judge.
ItThe State filed a bill of information charging the defendant, Erskine Robinson, with possession of crack cocaine. The defendant entered a plea of not guilty and filed motions to suppress the evidence and statement. After a hearing, the trial court denied the defendant’s motions and found probable cause to hold the defendant for trial.
The defendant appeals, arguing that the trial court erred in allowing the State to question Erica Jones as to her knowledge of his prior criminal convictions. The defendant argues that the State failed to present sufficient evidence to support his conviction for possession of cocaine, alleging that the police officers fabricated the facts in order to frame him. The defendant also maintains that his conviction and sentence should be reversed because he was arrested and charged with possession of “crack”, a substance for which there is no statutory prohibition.
*1021 We find that the jury’s credibility finding as to the officers’ explanation of what led up to the defendant’s arrest for possession of cocaine is supported by evidence in the record before us. We further find that the State satisfied its burden of proving the elements of the crime beyond a reasonable doubt and the evidence was sufficient to support the conviction. We find no error in the defendant’s 12conviction, as the State and defense counsel stipulated that the substance in the defendant’s possession tested positive for cocaine, a controlled dangerous substance the possession of which is prohibited by law. We affirm the defendant’s conviction and sentence.
FACTUAL AND PROCEDURAL BACKGROUND
On August 24, 2007, the defendant, Ers-kine Robinson, was charged with possession of crack cocaine, a violation of La. R.S. 40:967(0(2). The defendant entered a plea of not guilty. The district court denied the motions to suppress the. evidence and statement and found probable cause to hold the defendant for trial. The defendant was later found guilty as charged.
The State filed a multiple bill of information charging the defendant with being a fourth felony offender. The district court adjudicated the defendant as a fourth felony offender, and he was sentenced to serve twenty years at hard labor with credit for time served but without benefit of probation or suspension of sentence and concurrent with any other sentence.
TESTIMONY ADDUCED AT TRIAL
In 2007, Officer Brumfield and his partner, Officer Kelsey Lewis, were on pro active patrol in the vicinity of Mars Place, an area known for drug activity. The officers observed the defendant crawling out from under a house at 9 Mars Place. Because home owners in the area had experienced copper pipe thefts, the officers decided to conduct an investigatory stop of the defendant. The officers exited their vehicle, approached the defendant and asked him if he owned the | .¡house. The defendant responded that he did not own the house and the officers testified that the defendant replied in an agitated manner asked the officers if they had anything better to do than mess with him.
Officer Brumfield noticed that both of the defendant’s fists were clenched. Because of the defendant’s agitated manner and for safety purposes, Officer Brumfield asked the defendant to open his fists, and the defendant reluctantly complied. A glass pipe commonly used for smoking crack cocaine and a piece of plastic containing a rock-like substance consistent with crack cocaine fell from the defendant’s fists; the items were immediately seized. The defendant was read his Miranda rights and placed under arrest for possession of crack cocaine.
Officer Brumfield further testified that he was not familiar with the house located at 9 Mars Place, but it appeared to be an inhabited dwelling. After securing the defendant inside their police unit, the officers knocked on the door of the house at 9 Mars Place in an attempt to locate the owner, however, no one answered the door. Using their flashlights, the officers looked under the house for evidence of other illegal activity or pipe thefts, and none was found. Officer Lewis testified that no burglar tools or cut pipe were found under the Mars Place house.
The state and defense stipulated that the substance seized from the defendant tested positive for cocaine.
Erica Jones (“Ms. Jones”), owner of the house located at 9 Mars Place, testified that she knew the defendant from the *1022 neighborhood but did not have any personal interaction with him. She further testified that the defendant performed l4odd jobs for some neighbors such as washing cars, running errands such as going to the store, and generally checking on neighbors. Ms. Jones stated that she lived in the house with her children and adult niece. She testified that she was home on the evening of the defendant’s arrest, however she did not see or hear anyone under her house. She also testified that she did not see or hear the police outside, nor did she hear a knock on her door.
Ms. Jones testified that on the date in question, she was employed by Harrah’s as a housekeeper. She stated that she worked a shift from 8:30 a.m. to 5:30 p.m. so that she could be home in the evening with her children and never worked the evening shift. Ms. Jones testified that she had no knowledge of the defendant’s use of drugs or his prior convictions for drug possession, and she was shocked to learn that he had been arrested for drug possession. Ms. Jones testified that she had no knowledge of the defendant’s prior convictions for possession of cocaine in 1995, for theft in 1991 and 1999 and for escape from police custody in 1998. She further testified that the defendant never watched her children; however, she stated that he had been inside her house on two occasions and that her relationship with him was friendly. Ms. Jones testified that the police never attempted to contact her and stated that she believed the defendant was a nice person because he never did anything bad in the neighborhood.
ERRORS PATENT
A review for errors patent reveals none.
| .MOTION TO SUPPRESS
The defendant argues that the trial court erred in denying the motion to suppress the evidence. Specifically, the defendant asserts that the request by Officer Brumfield that he relax his clenched fists constituted an illegal search and warrants a suppression of the cocaine that was seized. The defendant points to Officer Lewis’ testimony at the motion to suppress hearing that he was not afraid of the defendant as proof that the request for him to relax his clenched fists was not justified as a reasonable search for weapons. The defendant further argues that he was not free to refuse.
If a police officer’s observations lead him reasonably to suspect that a particular person has committed, is committing, or is about to commit a crime, the officer may detain that person briefly to investigate the suspicion-provoking circumstances. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). In the instant case, the officers saw the defendant in an area that had experienced an increase in the theft of copper pipe from residences. The defendant was crawling backwards from under a house late at night. This observation was sufficient to initiate an investigatory stop of the defendant. The defendant denied that he owned the house, and the officers described his demeanor and tone as aggressive. The defendant’s aggressive verbal responses exhibited that he was not happy with the situation. As a safety precaution, Officer Brumfield asked the defendant to relax his clenched fists; the defendant reluctantly complied. Thus, the issue posed is 1 .whether the officers obtained the contested evidence by way of a request or a demand.
The critical aspect of that inquiry turns on whether a reasonable person would feel free to decline the requests or otherwise terminate the encounter with the law enforcement personnel. Furthermore, a defendant’s subjective belief is ir *1023 relevant; the encounter should be judged from the viewpoint of a reasonable, innocent person. Florida v. Bostick, 501 U.S. 429, 111 S.Ct. 2382, 115 L.Ed.2d 389 (1991). Taking into account all of the other circumstances the court must determine whether the police conduct would have communicated to a reasonable person that he was not at liberty to disregard the officers and go about his business. Id. Although most citizens will respond to a police solicitation, and do so without being told that they are free to decline, that fact hardly eliminates the consensual nature of the response. INS v. Delgado, 466 U.S. 210, 104 S.Ct. 1758, 80 L.Ed.2d 247 (1984). The determination of voluntariness depends upon the overall facts and circumstances of the particular case. State v. Franklin, 95-1876 (La.1/14/97), 686 So.2d 38. On appellate review of such an issue, the trial court’s factual determination is entitled to great weight. Id.
In the instant case, we find that no illegal search occurred. In fact, no search took place. Officer Brumfield requested (as opposed to directed, ordered, instructed or demanded) that the defendant relax his clenched fists. Officer Lewis testified that the defendant was asked to relax his clenched fists because “[w]e just wanted to make sure he didn’t take a swing at us.” Officer Lewis’ testimony [ 7supports the officers’ concern that the defendant may become violent and hit them. No guns were drawn, no threats were made, and no repercussions were threatened. Although the defendant was less than delighted with the situation, Officer Brumfield made only a request regarding the contents of his hands. The defendant complied with the request. Thus, we find no merit in this assignment of error.
DEFENDANT’S CHARACTER
The defendant asserts that the trial court erred in allowing the state to question Erica Jones as to her knowledge of his prior criminal convictions. Over defense objections, following a sidebar discussion, the trial court ruled that defense counsel put the defendant’s character at issue on direct examination and, therefore, opened the door for the state to question Jones about his prior convictions. In overruling defense counsel’s objection, the trial court stated the following:
THE COURT:
Counsel, I have to beg to differ with you on that. Once you did, you did. I can’t disagree with Mr. Bair on that and once you go into that — I’ll [sic] just calling it the good neighbor questioning, the loving people, washing cars, watching out for everybody in the neighborhood; that you put his character into evidence ... but knowing there is a clear case where the counsel has opened up the door to character evidence, that you — the questions were very clear and planned and it wasn’t like you were shocked because you mentioned those kind [sic] of things in your opening statement.
The record reflects that the defense opened the door to evidence concerning the defendant’s character. A witness may be cross-examined on any matter relevant to any issue in the case. La. C.E. art. 611. Character witnesses may be cross-examined concerning relevant specific instances of conduct. La. C.E. art. | ⅜405. The State has the right to rebut testimony elicited from a witness by the defense. State v. Koon, 96-1208, p. 25 (La.5/20/97), 704 So.2d 756; see also, State v. Asberry, 99-3056, (La.App. 1 Cir. 2/16/01), 808 So.2d 472. We find that under the instant circumstances, the questions were proper.
*1024 SUFFICIENCY OF EVIDENCE
The defendant asserts that the State failed to present sufficient evidence to support his conviction for possession of cocaine. Specifically, he alleges that the officers fabricated the facts in order to frame defendant.
The Louisiana Supreme Court set forth the standard for evaluating a claim of insufficient evidence in State v. Brown, 2003-0897, p. 22 (La.4/12/05), 907 So.2d 1, 18:
When reviewing the sufficiency of the evidence to support a conviction, Louisiana appellate courts are controlled by the standard enunciated in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Under this standard, the appellate court “must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime had been proved beyond a reasonable doubt.” State v. Neal, 00-0674, (La.6/29/01) 796 So.2d 649, 657 (citing State v. Captville, 448 So.2d 676, 678 (La.1984)). See also State v. Batiste, 2006-0875 (La.App. 4 Cir. 12/20/06), 947 So.2d 810; State v. Sykes, 2004-1199 (La.App. 4 Cir. 3/9/05), 900 So.2d 156.
[ ¡The defendant was charged with and convicted of possession of cocaine. The State had to prove that the defendant knowingly and intentionally possessed cocaine. See La. R.S. 40:967 C; State v. Williams, 2007-0700 (La.App. 4 Cir. 2/13/08), 977 So.2d 1101. Here, the officers testified that they observed defendant crawling from under a house at 9 Mars Place. Because the area had experienced an increase in stolen copper pipe, the officers initiated an investigatory stop. Further, due to the defendant’s aggressive demeanor, Officer Brumfield, for safety reasons, asked the defendant to open his closed fists. When the defendant complied, a glass pipe and a piece of plastic containing two rock-like substances dropped to the ground. The items were retrieved and later found to be cocaine. There was no evidence presented at trial that refuted these facts. As for the defendant’s claim that the officers lied and fabricated the facts, as noted in Williams, at p. 6, 977 So.2d at 1108: “A reviewing court is not called upon to decide whether it believes the witnesses. State v. Rose, 2005-0396, pp. 2-3 (La.App. 4 Cir. 4/13/07), 955 So.2d 270, 272.” In addition, this Court has repeatedly held that a fact-finder’s credibility decision should not be disturbed unless it is clearly contrary to the evidence. State v. Huckabay, 2000-1082 (La.App. 4 Cir. 2/6/02), 809 So.2d 1093; State v. Harris, 99-3147 (La.App. 4 Cir. 5/31/00), 765 So.2d 432. The jury apparently believed the officers’ explanation of what led up to the defendant’s arrest for possession of cocaine, and there is nothing in the record before this court to indicate that the jury’s credibility finding is clearly contrary to the evidence.
IrnGiven the officers’ testimony, the jury could have reasonably found that the State proved beyond a reasonable doubt that the defendant possessed and dropped the crack cocaine. This assignment of error is without merit.
STATUTORY PROHIBITION
The defendant asserts that his conviction and sentence should be reversed because he was arrested and charged with possession of “crack”, a substance for which there is no statutory prohibition. The bill of information reflects that defendant was charged with possession of a controlled dangerous substance, to wit: cocaine. At trial, the State and defense counsel stipulated that the substance in *1025 the defendant’s possession tested positive for cocaine, a controlled dangerous substance the possession of which is prohibited by law. La. R.S. 40:964(A)(4); Schedule II, La. R.S. 40:967(0(2). We therefore find this assignment of error is without merit.
DECREE
The defendant’s conviction and sentence are affirmed.
ARMSTRONG, C.J., concurs.
MURRAY, J., Concurs with Reasons.