STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

13-156


STATE OF LOUISIANA

VERSUS

RICKY LAVELLE WILLIAMS


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 309,149
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

**********

SHANNON J. GREMILLION
JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Elizabeth A. Pickett, and Shannon J. Gremillion, Judges.

PICKETT, Judge, dissents and assigns reasons.

REVERSED.


James C. Downs
District Attorney, Ninth Judicial District Court
Jamilla A. Bynog, Assistant District Attorney
701 Murray Street
Alexandria, LA 71301
(318) 473-6650
COUNSEL FOR APPELLEE:
    State of Louisiana

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Ricky Lavelle Williams**

**GREMILLION, Judge.**

The defendant, Ricky Lavelle Williams, appeals his conviction for attempted simple burglary and his sentence of six years at hard labor. For the reasons that follow, we reverse.

## FACTS

On August 29, 2011, Lazell Haynes reported that his truck had been broken into while parked at the Grand Theatre in Alexandria, Louisiana. He identified the defendant, Ricky Lavell Williams, as the person he found in his truck.

The defendant was charged by bill of with simple burglary, a violation of La.R.S. 14:62. At trial, the jury returned a verdict of guilty of the lesser included offense of attempted simple burglary. A motion for post-verdict judgment of acquittal was filed and denied, and the defendant was sentenced to six years at hard labor. This appeal followed.

The defendant comes before this court asserting three assignments of error: 1) the trial court erred in denying defense counsel's motion to qithdraw and the defendant's motion to replace counsel; 2) the trial court erred in granting the state's challenge for cause; and 3) the trial court erred in finding the defendant guilty of attempted simple burglary due to insufficiency of the evidence.

## SUFFICIENCY OF THE EVIDENCE

In his third assignment of error, the defendant contends that the trial court erred in finding him guilty of attempted simple burglary. When issues are raised on appeal as to the sufficiency of the evidence and as to one or more trial errors, a reviewing court must first determine the sufficiency of the evidence. *State v. Hearold*, 603 So.2d 731, 734 (La.1992). Accordingly, we will address this assignment of error first.

An appeal court reviews a record for sufficiency of the evidence by viewing the evidence in the light most favorable to the prosecution and asking whether any rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). A court of appeal does not reweigh the evidence or assess the credibility of witnesses. *State v. Mussall*, 523 So.2d 1305 (La.1988). *Mussall*, 523 So.2d 1305; *State v. Bethley*, 12-844, p. 2 (La.App. 3 Cir. 2/6/13), 107 So.3d 834, 837.

The defendant was charged with simple burglary but was convicted of the lesser included offense of attempted simple burglary, a violation of La.R.S. 14:27 and La.R.S. 14:62. Of the crime of attempted burglary, the fifth circuit stated:

> Simple burglary is defined in LSA-R.S. 14:62 as "the unauthorized entering of any dwelling, vehicle, watercraft, or other structure, movable or immovable . . . with the intent to commit a felony or any theft therein . . ." An attempt occurs when "any person who, having a specific intent to commit a crime, does or omits an act for the purpose of and tending directly toward the accomplishing of his object is guilty of an attempt to commit the offense intended; and it shall be immaterial whether under the circumstances he would have actually accomplished his purpose." LSA-R.S. 14:27(A).
>
> Therefore, a conviction for attempted simple burglary requires proof that the defendant committed "an act for the purpose of and tending directly toward" the unauthorized entry of a dwelling or other structure "with the intent to commit a felony or any theft therein." LSA-R.S. 14:27; LSA-R.S. 14:62; *State v. Nelson*, 2008-0584 (La.App. 4 Cir. 12/17/08); 3 So.3d 57, 60, *writ denied*, 10-166 (La.1/7/11); 52 So.3d 881. . . .
>
> Attempted simple burglary is a specific intent crime. *State v. Petty*, 99-1307, p. 3 (La.App. 5 Cir. 4/12/00); 759 So.2d at 946, 949, *writ denied*, 00-1718 (La.3/16/01); 787 So.2d 301. "Specific criminal intent is that state of mind which exists when the circumstances indicate that the offender actively desired the prescribed criminal consequences to follow his act or failure to act." LSA-R.S. 14:10(1). Specific intent is a state of mind and, therefore, need not be proven as fact, but may be inferred from the circumstances and actions of the accused. *Petty*, 99-1307, 759 So.2d at 949.

*State v. Untereiner*, 11-402, pp. 13-14 (La.App. 5 Cir. 12/13/11), 82 So.3d 425, 433, *writ denied*, 12-25 (La. 4/20/12), 85 So.3d 1268.

Haynes testified that he worked at the Grand Theatre on August 29, 2011. Haynes's 1991 Dodge Ram had been parked in the theatre parking lot for more than a year. The truck had not run for approximately three months, and Haynes could not recall the last time he moved it.

Haynes testified that on August 28, 2011, someone entered his truck by breaking the passenger-side vent window with a brick. He did not report the incident to police. Upon discovering this, Haynes 'deactivated' the passenger door, assuring it could not be unlocked by reaching through the broken vent glass. He left the truck with both doors and the back hatch locked.

On August 29, 2011, Haynes was waiting for a ride after work when he saw the defendant approach the truck. He testified that the "back hatch to my door was open." He then closed the hatch, and went around to the front door and surprised the defendant, who was in the passenger seat. Haynes closed the hatch in an attempt to trap the defendant inside the truck and asked the defendant why he was there. Haynes testified that the defendant said he thought the truck was abandoned. Haynes then called the police, and the defendant attempted to get out of the truck. The two got into a scuffle. The defendant eventually overpowered Haynes and ran away.

When asked what the defendant was doing inside the truck, Haynes testified: "I guess he was making himself at home." Haynes also stated, "He was sitting in the seat there, you know, preparing himself I guess to rest." Haynes further stated:

"my guess is that he was getting ready to go to sleep." Haynes agreed that the defendant was just sitting in the truck, as it had been ransacked the day before.

When asked if anything was missing from his truck, the defendant testified that the "dash light," a small device that blinked to make it appear that the truck had an alarm, was missing. Haynes did not recall initially telling police the dash light was missing. Haynes testified that the defendant was the man he saw inside his truck and who was brought back to the theatre by police. Haynes indicated that police removed the dash light from the defendant's pocket when he was brought back to the theatre. Haynes identified it as his property. Haynes testified that he described the item as missing one screw on the battery cover. The officers verified that the item was missing a screw. Haynes also referred to the item as a compass. On cross-examination, though, Haynes admitted that the dash light was missing after the first break-in on August 28 and was not taken from the truck on August 29. Haynes testified that he never gave the defendant permission to enter his truck.

Corporal James Powell testified that he responded to a call regarding a vehicle burglary at the Grand Theatre in Alexandria on August 29, 2011. Haynes told Corporal Powell that he saw the defendant in the bed of his truck with the back hatch open. Haynes further stated that he ran across the parking lot and confronted the defendant. Haynes then closed the truck's hatch to keep the defendant inside the truck and called police. However, the defendant subsequently overpowered Haynes and fled. The defendant was apprehended and returned to the Grand Theatre, where Haynes positively identified him.

Corporal Powell testified that Haynes stated a couple of items were missing from his truck. When the defendant was arrested, a silver dash light with a compass and some paperwork were removed from his pocket. Haynes described

4

the dash light compass as silver with a missing screw. Corporal Powell testified that the compass removed from the defendant's pocket was missing a screw.

Corporal Powell took an audio statement from Haynes at the time the August 29 offense was reported. During his statement, Haynes indicated that nothing was missing from his truck, but it had been ransacked a little bit.

Corporal James King testified that he received a description of the defendant and began looking for him. He spotted a suspect matching the description running down Sterkx Road, apprehended him, and brought him back to the Grand Theatre. The defendant was then identified by the victim. The defendant told Corporal King that he did not break into the vehicle and voluntarily went with Corporal King.

James Bettevy testified that he was employed by the Alexandria Police Department on August 29, 2011, and was dispatched to the Grand Theatre. He canvassed the area for the suspect described by Haynes. Officer Bettevy testified that he saw the defendant, who appeared to be riding a bicycle, but was in fact running. Officer Bettevy drove up to the defendant and asked him what he was doing. The defendant was sweating profusely and had grass particles on his shirt. When asked why he was running, the defendant stated that he was just jogging, and there was grass on his clothing because he stopped to rest in the grass. The defendant told Officer Bettevy that he had been detained by a subject who accused him of breaking into a vehicle, which he denied.

During a pat-down, Officer Bettevy felt what he thought might be a knife in the defendant's pocket. The defendant stated that the object was a compass, which was confirmed by Officer Bettevy when he removed the item from the defendant's pocket. The defendant was then transported back to the Grand Theatre, where

5

Haynes positively identified him. The contents of the defendant's pockets were eventually placed on a police car. Haynes immediately identified the compass as his. At that time, the defendant became irate and accused Haynes of lying. Haynes described the compass as having a blinking light. Haynes further stated that he had changed the battery and lost one of the screws, and the compass found on the defendant was missing a screw. Officer Bettevy testified that the defendant cooperated until Haynes said the compass belonged to him. Officer Bettevy testified that Haynes said the truck had previously been broken into, and that a police report had been filed.

Detective Clifton Fairbanks testified that he turned over fingerprints given to him by Officer Bettevy to a crime scene technician. Those fingerprints belonged to Haynes.

The defendant contends that the evidence was insufficient to convict him, as he was merely attempting to sleep in the truck. Additionally, Haynes testified that nothing was missing from the truck after the defendant's entry therein, and the compass Haynes alleged was his was taken from his truck the previous day. The defendant notes that he was not charged with simple burglary regarding the August 28 burglary of Haynes's truck, and that the jury erred in considering evidence of the prior burglary to find that he had the intent to commit a felony or theft inside the truck on August 29, 2011. The defendant alleges that the state failed to exclude every reasonable hypothesis of innocence and thus, his conviction should be reversed.

The state contends that the defendant's flight from the scene indicated consciousness of guilt. Additionally, he left the back hatch of the truck open, indicating that he did not intend to stay inside and created a way of escape after the

6

completion of the intended felony or theft. Further, once the defendant was apprehended, he was found in possession of Haynes's property. The state contends that this information was taken into consideration by the jury. The state further contends that the responsive verdict rendered by the jury shows that the jury believed the defendant returned to the vehicle intending to commit another felony or theft, which is supported by the fact that the defendant was found in possession of property stolen from the burglary of the truck the previous day.

The possession of property stolen in a recent burglary does not create a presumption that the defendant committed the burglary. *State v. Brown*, 445 So.2d 422 (La.1984).

In *State v. Smith*, 02-1018 (La.App. 5 Cir. 3/11/03), 844 So.2d 119, Charles Hebert saw the defendant open the door of a car, which caused the alarm to be activated, and put his arm inside the vehicle. The fifth circuit affirmed the defendant's conviction of simple burglary stating the following:

> Charles Hebert's testimony, summarized above, and Jeremy Edwards' testimony that the 2000 Nissan Sentra did not belong to Smith and that Smith did not have permission to enter the vehicle makes it difficult to imagine any hypothesis that does not include the specific intent to commit a felony or theft therein.

*Id.* at 126 (footnote omitted).

In *State v. Mouton*, 12-836 (La.App. 3 Cir. 2/27/13), 2013 WL 690835, the defendant was convicted of simple burglary of an automobile. When addressing the sufficiency of the evidence, this court stated:

> In the present case, the following circumstantial evidence indicates Defendant broke the glass and had an intent to commit a felony or theft therein:
>
> 1. The owner of the car did not know Defendant or give him permission to break her car window. There was no reason to break the

7

window shown by the evidence except that Defendant was attempting a simple burglary;

2. Testimony from Detective Vanhoossier that he was conducting a special operation on the date in question due to the rash of car burglaries surrounding Jefferson Street;

3. The incident occurred at approximately 2:00 a.m. in the very area where the car burglaries were occurring;

4. When Defendant and his accomplice saw the police arrive, they took off running. Detective Vanhoossier caught the first suspect, Defendant's accomplice, as he ran by. Defendant was subsequently apprehended less than fifteen minutes later. Thus, Defendant was thwarted by the police and was actually running away from the police before he could accomplish his intended purpose of burglarizing the vehicle. "Flight indicates consciousness of guilt and is a circumstance from which a jury may infer guilt." *State v. Gatti*, 39,833, p. 9 (La.App. 2 Cir. 10/13/05), 914 So.2d 74, 85, *writ denied*, 05–2394 (La.4/17/06), 926 So.2d 511;

5. Defendant was the individual sitting on the curb and had on a light blue shirt and a bandana, which had a chain wrapped in it and contained glass fragments consistent with the broken car window. He also matched the description given of the fleeing suspect;

6. Defendant was brought back to the scene and was positively identified by the first suspect, the accomplice, as the person he, the accomplice, had previously been with at the scene; and

7. Officer Parker testified that Defendant was one of the persons he saw running from the scene, but he did not see the actual breaking of the glass as the window was already shattered when Officer Parker came upon the vehicle.

Based on the foregoing evidence presented at trial, the fact of entry was a reasonable inference when Defendant broke the glass window. By breaking the glass window, some part of Defendant's person would have extended inside of the car. Viewing the evidence in the light most favorable to the prosecution, we find the evidence was sufficient under *Jackson* for the trial court to have found that an unauthorized entry of the victim's vehicle was made for the purpose of committing a felony or theft. We cannot say its finding was erroneous. For the above reasons, we affirm Defendant's conviction for simple burglary.

*Id.* at 5-6.

In *State v. Wright*, 36,635 (La.App. 2 Cir. 3/7/03), 840 So.2d 1271, however, the defendant entered a house undergoing extensive renovations and there were no signs of forced entry, the victim's possessions were not displaced, he did not possess any burglary tools or weapons, and he did not wear a mask or gloves. Defendant's conviction was reversed.

The case at bar is comparable to *Smith* and *Mouton* in that the defendant entered Haynes's truck without permission. The case can be distinguished from those cases the small silver compass or "dash light" found in Defendant's possession was taken when the vehicle was initially burglarized on August 28. Defendant was not charged with burglarizing the vehicle on August 28, it appeared to Haynes that Defendant was resting or attempting to take a nap, not to commit a felony or a theft.

Reviewing the evidence in a light most favorable to the prosecution, we find that the jury had sufficient evidence before it to reasonably conclude that the defendant entered the vehicle without authorization. But the evidence does not indicate that he entered it with the intent to commit a felony or theft therein. The state could not exclude the reasonable hypothesis that the defendant, believing the vehicle to be abandoned, simply wanted to rest. After all, that is what the vehicle's owner and only witness to this event believed. As this hypothesis is one of innocence, the conviction for Attempted Simple Burglary must be reversed.

Furthermore, this court has concerns regarding whether a broken compass or "dash light" in an apparently abandoned vehicle qualifies under the admittedly broad definition of "anything of value," as such a finding is required to obtain a conviction for any "theft." La.R.S. 14:67. Even if the dash light were considered

to be of value, possession alone by the defendant the day after the initial burglary does not give rise to a presumption that the defendant committed the burglary.

Because we find that the jury lacked sufficient evidence to say that the defendant had specific intent to commit a felony of theft on August 29, 2011, we pretermit consideration of defendant's remaining assignments of error.

## **CONCLUSION**

The defendant's conviction is reversed.

**REVERSED.**

STATE OF LOUISIANA

VERSUS

RICKY LAVELLE WILLIAMS

**PICKETT, J., dissents and assigns written reasons.**

Reviewing the evidence in the light most favorable to the prosecution, I find the evidence supports the jury's responsive verdict of guilty of attempted simple burglary. The state clearly proved that the defendant entered Mr. Haynes' truck without authorization. The defendant had in his possession a compass, a thing of value, when he was apprehended. The "slightest asportation of anything of value . . . the slightest deprivation for the slightest period of time . . . the slightest segregation of the property moved the slightest distance is sufficient to satisfy the elements of a theft[.]" *State v. Neal*, 275 So.2d 765, 770 (La.1973). Since the defendant was in possession of an item stolen from the truck the day before, the jury certainly could have concluded that the defendant had the specific intent to enter the truck to take something of value, rather than just take a nap.

I respectfully dissent from the majority's opinion finding the evidence insufficient to support the conviction. Because the majority does not reach the merits of the defendant's remaining assignments of error, I pretermit discussion of the other issues raised by the defendant.