PER CURIAM.
11 Granted. The decision of the court of appeal is reversed to the extent that it vacated defendant’s conviction and sentence for the crime of possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1, but otherwise affirmed insofar as it upheld defendant’s convictions and sentences for possession of cocaine, La.R.S. 40:967(0(2), and possession of hy-drocodone, La.R.S. 40:968(C).
In affirming defendant’s convictions and sentences for possession of cocaine and possession of hydrocodone, the court of appeal concluded that the evidence gave rise to an “irresistible inference” defendant had either actual or constructive possession of the following: a plastic bag containing powdered cocaine found by the police on the floorboard wedged between the driver’s seat and the console of the vehicle defendant had been driving before the police pulled him over; the marijuana, cocaine, and hydrocodone pills found by the police crammed between the backseat and the cushion where defendant had been sitting in a patrol unit after his arrest and during 1 ghis transport to the station house for booking; and the hydro-codone pills subsequently found in a refrigerator during execution of a search warrant for the residence where defendant had been living. State v. Allen, 11-610, pp. 12-13 (La.App. 8 Cir. 12/7/11), 79 So.3d 1220.
However, as to a handgun discovered under the cushion of the backseat in defendant’s vehicle, at the location where defendant’s six-year-old son had been riding in a car seat at the time of the stop, the court of appeal found that “there was little to infer that he had knowledge of the gun.” Id., 11-0610 at 13, 79 So.3d at 1231. Specifically, the officer who had followed defendant’s vehicle before initiating the stop and who saw defendant lift up in his seat and reach towards his son in the back seat, “admitted the back window of the car was tinted and it was difficult to see into the backseat.” Id., 11-0610 at 12, 79 So.3d at 1231. Evidence presented by the defense also indicated that the backseat cushion was hinged and that it locked down. Defendant’s girlfriend, the owner of the vehicle, claimed the gun was hers and testified that she had placed it in the car under the backseat cushion to secure it without defendant’s knowledge. Because a child had also been sitting in a car seat on top of the cushion, the court of appeal concluded that *43 “it would have been difficult to have placed the gun under the seat had that been Defendant’s purpose for reaching into the backseat.” Id. On that basis, the court of appeal reversed defendant’s conviction for possession of the weapon.
However, the court of appeal erred in substituting its appreciation of the evidence for that of the fact finder. State v. Calloway, 07-2306, p. 10 (La.1/21/09), 1 So.3d 417, 422 (“[W]e have repeatedly cautioned that the due process, rational fact finder test of Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), does not permit a reviewing court to substitute its own appreciation of the evidence for that of the fact finder or to second guess the credibility determinations of the fact finder necessary to render an honest verdict.”). A reviewing court may impinge on the fact finder’s discretion “only to the extent necessary to guarantee the fundamental protection of due process of law.” State v. Mussall, 523 So.2d 1305, 1310 (La.1988) (footnote omitted). In the present case, Officer Glenn Hall acknowledged that the back window of the vehicle was tinted and he eventually issued defendant a citation for illegal tint. Nevertheless, Hall testified that he did see through the tinted window defendant rising up in his seat and reaching back towards his son’s car seat before the stop took place, and other officers on the scene confirmed that Hall had specifically directed them to that location after defendant consented to the search of the vehicle because the gesture had raised his concerns about officer safety. Detective Juan Cruz testified that acting on Hall’s request, he went into the car and found the gun underneath the cushion, which “just felt real loose.” Although not considered by the court of appeal, the police had brought a drug detection dog to the scene and the dog alerted on the exterior of the driver’s side door, then on driver’s seat at the crease where it met the console, the location of the plastic bag of cocaine found on the floorboard, and finally on the back seat where defendant’s son had been sitting in his car seat on top of the gun concealed under the cushion. The dog’s handler explained that while no drugs were found in the backseat, “it’s called residual odor where the dog will alert to where the odor of the narcotic had been stored.”
Arguing the state’s case at the close of the evidence, the prosecutor suggested that the backseat cushion offered more than simply a place to 14conceal narcotics and asked jurors to consider the significance that “[t]he dog alerts where the gun was, where they saw the Defendant, who had been handling cocaine, put the gun.” The prosecutor thus argued that the dog’s alert on the backseat cushion was more than mere coincidence and that it undercut defense testimony offering an exculpatory explanation for how the gun came to be under the seat cushion without defendant’s knowledge. We agree with the state that the inference was one for the jurors to make as the fact finders in the case. Defendant’s possession of the car gave him dominion and control over the handgun concealed under the backseat, State v. Major, 03-3522, p. 8 (La.12/1/04), 888 So.2d 798, 802 (“The evidence at trial established that defendant had exercised dominion and control over the cocaine hidden underneath the dashboard of the car by virtue of his dominion and control over the vehicle as the driver and professed renter.”), and evidence that the location had traces of cocaine residue detected by the drug dog, provided an evidentiary basis for jurors, and for any rational trier of fact, to infer in the context of all of the other circumstances in the case, that defendant had guilty knowledge of the gun’s presence in the car because he had *44 reached back, in the manner described by Officer Hall, to push it under the “real loose” backseat cushion in the effort to conceal, both on his person and in the vehicle, the drugs and the weapon in his possession just before the police pulled over his car.
Defendant’s conviction and sentence for possession of a firearm by a convicted felon, in violation of La.R.S. 14:95.1, are therefore reinstated and, as reinstated, affirmed together with his convictions and sentences for possession of cocaine and possession of hydrocodone.